JOHN F. WHITCOMB, and others, *vs.* AMY EDDY HARRIS.

Hancock.   Opinion April 15, 1897.

*Interest.   Mortgage.   Redemption.   Costs.   R. S., c. 90, § 22.*

In this State the law does not allow a creditor to recover interest upon interest that becomes due after the maturity of the principal. And if compound interest is required by a mortgagee, and paid under protest by one claiming under the mortgagor in order to prevent the expiration of the right of redemption, the mortgage having been foreclosed, it may be recovered by the person who paid it under such circumstances.

The fact that a demand is made for the interest when it becomes due does not affect the question. Upon an indebtedness without interest, payable at no particular time but upon demand, a demand is necessary to make the indebtedness due, and interest only begins to run from the time of maturity; but a demand does not affect the matter of interest where the debt is payable at a definite time.

The general rule is, that whenever the debtor knows what he is to pay and when he is to pay it, he shall be charged with interest if he neglects to pay. The only reason why this rule does not apply in the case of interest due at a stipulated time and unpaid, is because the law regards it as against public policy to allow a creditor to recover compound interest.

When a mortgage is foreclosed by publication, one who is entitled to redeem must, before he can do so, pay the necessary expense of such foreclosure. This includes the amount paid for publishing the notice of foreclosure in a newspaper, and the recorder's fee for recording the same.

But the amount paid an attorney for professional services in such matters, however wise such employment may be and sometimes almost absolutely necessary, is not legally a necessary expenditure; therefore the person entitled to redeem is not obliged to pay it.

AGREED STATEMENT.

This was an action of assumpsit brought in the Western Hancock Municipal Court to recover money claimed to have been paid by the plaintiffs to redeem from a certain mortgage, held by the defendant, in excess of the amount actually due upon said mortgage. The case was certified by the presiding justice to the law court for decision upon the following agreed statement.

The defendant in this action was the owner and holder of a certain mortgage upon real estate in Bar Harbor, Eden, Maine, given by Lucy A. Barron and George A. Barron to James Eddy, to secure a negotiable promissory note for the principal sum of $3000.00, as follows:

"3000.                                    Bar Harbor, Aug. 3, 1886.

Four years from date for value received we promise to pay James Eddy, or order, the sum of three thousand dollars with interest at six per cent per annum, payable annually.

Lucy A. Barron,

Geo. A. Barron."

Interest on this note had been paid in full to August 3rd, 1890. The defendant, as legal owner of the note and mortgage, foreclosed said mortgage for breach of its condition, by publication, and the right of redemption of said mortgaged premises would have been barred upon the 7th day of January, A. D. 1893. The plaintiffs, legal owners and holders of a subsequent or second mortgage upon the same property covered by said mortgage of the defendant, demanded of the defendant, through her attorneys, Messrs. Deasy & Higgins, a true account of the sum due upon her said mortgage, which statement the defendant rendered to the plaintiffs claiming as due on her said mortgage January 3rd, 1893, the sum of $3469.30, as follows:—Principal, $3000; interest, $454.80; costs of foreclosure, $14.50. The plaintiffs, to save a forfeiture, paid said sum of $3469.30, as of said January 3rd, 1893, under protest in writing, claiming that it was in excess of the real amount due under the mortgage and notifying the defendant that an action would be instituted to recover such excess. The defendant took said sum of $3469.30, insisting that she would not discharge the mortgage for any less amount, and thereupon executed and delivered to the plaintiffs a discharge of the mortgage, and also delivered to the plaintiffs the mortgage note.

It was admitted that the defendant in fixing the amount due upon said mortgage computed interest upon all overdue interest at the rate of six per cent per annum. The item of $14.50, costs of foreclosure aforesaid, was made up as follows:—

Paid attorneys for legal services, consisting of drafting fore-closure notice and attending to publication and recording of same, ten dollars. Paid for publishing and recording at regular rates, four dollars and fifty cents.

It was also agreed that when the interest fell due, the mortgagee wrote and mailed, postpaid to the mortgagors, a letter demanding payment of the interest, which letter was directed to the mortgagors at their regular post office address. Such letter was mailed when the interest fell due both in 1891 and 1892. But the plaintiffs at the time of paying the mortgage had no knowledge of such demand having been made.

*H. E. Hamlin,* for plaintiffs.

Counsel cited: *Stone* v. *Locke,* 46 Maine, 445; *Parkhurst* v. *Cummings,* 56 Maine, 155; *Howe* v. *Bradley,* 19 Maine, 31; *Hastings* v. *Wiswall,* 8 Mass. 455; *Wilcox* v. *Howland,* 23 Pick. 167; *Henry* v. *Flagg,* 13 Met. 64; *Ferry* v. *Ferry* 2 Cush. 92; *Shaw* v. *Norfolk Co. R. R.,* 16 Gray, 416; *Conners* v. *Holland,* 113 Mass. 50.

*L. B. Deasy,* for defendant.

In estimating the amount to be paid to redeem a mortgage, interest may properly be reckoned on installments of interest due. *Farwell* v. *Sturdivant,* 37 Maine, 312.

But annual interest due is a sufficient consideration for a new contract to pay the same with interest upon it. Moreover by beginning suit the creditor may recover interest on the installments of interest due and sued for. *Bannister* v. *Roberts,* 35 Maine, 75.

When annual interest is due and demanded, a contract to pay interest on the same is implied. A new express promise is not necessary. Where any sum due for interest, or for anything else is due and demanded, the debtor should be held without a new express contract to pay as damages, interest on the sum so wrong-fully withheld. If *Bannister* v. *Roberts,* (35 Maine, 76) contains a doctrine to the contrary it is but a dictum entitled to no great commendation.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

WISWELL, J. The defendant was the owner of a mortgage upon certain real estate to secure a note for $3000, dated August 3rd, 1886, payable in four years from date, with interest at six per cent per annum, payable annually. Interest upon this note had been paid in full to August 3rd, 1890, the time of its maturity, but had been unpaid since that time. The defendant had commenced a foreclosure of the mortgage for breach of its condition, and the right to redeem would have expired upon January 7th, 1893. Shortly before that time the plaintiffs, owners of a subsequent mortgage upon the same premises, demanded of the defendant a true account of the amount due upon the mortgage. She rendered an account, claiming that there was due on January 3rd, 1893, the sum of $3469.30, which sum included, in addition to principal and interest thereon, interest upon the overdue interest at six per cent, from the time that the same had become due, and the costs of foreclosure, consisting of four dollars and fifty cents, paid for publishing and recording notice of foreclosure, and ten dollars paid for counsel fees.

The defendant refusing to accept less than the above sum, the plaintiffs paid it under protest to prevent the mortgage from becoming fully foreclosed, and in this action seek to recover the amount which they claim is in excess of the sum that the defendant was entitled to.

That the action may be maintained, if the defendant has received more than she is entitled to retain, is conceded. R. S., c. 90, § 22.

The first question raised is, whether the defendant was entitled to interest upon the overdue annual interest which became due after the maturity of the note, a demand having been made for the same when it became due.

There has been much diversity of opinion in the courts of this country upon the question as to when and under what circumstances, if at all, compound interest can be recovered. Some courts

VOL. XC.   14

holding that interest upon interest can never be recovered, and that an express promise, made at the time of the original contract, to pay interest upon any interest that may not be paid in accordance with the terms of the contract, is invalid because iniquitous and against public policy; while others have laid down the rule, that overdue interest will carry interest from the time of default, without any promise or demand therefor.

However much force there may be in the argument, that a debtor who has agreed to pay at stipulated times interest upon money loaned, should, in case of his default to pay in accordance with his contract, be liable to pay interest, at the rate fixed by law, as damages, upon the sums which he ought to have paid, we think that so far as interest becoming due after the maturity of the principal sum is concerned, at least, the question is not an open one in this state. As to whether there is any difference in the rule, when interest is sought upon annual or semi-annual interest that became due before the maturity of the principal, need not be here considered.

The first case upon the subject in this state, and one which has been very frequently cited with approval here and elsewhere, is that of *Doe* v. *Warren*, 7 Greenl. 48, in which it was decided that the law does not allow interest upon interest; not even where a promissory note is made payable with interest annually. In that case, speaking of interest, it is said: "It is an accessory or incident to principal. The principal is a fixed sum; the accessory is a constantly accruing one. The former is the basis or substratum from which the latter arises, and upon which it rests. It can never, by implication of law, sustain the double character of principal and accessory."

In *Bannister* v. *Roberts*, 35 Maine, 75, it is said: "When a note is made payable with interest annually, whether by installments or not, the interest accruing before the whole of the principal becomes payable may be collected, if a suit be commenced to recover it before the whole of the principal becomes payable. If no suit be commenced for that purpose until after that time, interest upon interest not paid, from the time when it should have been

paid, can not be recovered in a suit for the principal and interest due upon the note."

In *Kittredge* v. *McLaughlin*, 38 Maine, 513, it was decided that compound interest can not be reckoned upon proceedings in equity to redeem a mortgage to secure notes on annual interest, in estimating the amount due. See also to the same effect, *Lewis* v. *Small*, 75 Maine, 323.

But it is true, as urged in argument, that in none of these cases had there been a demand for the interest. We do not think that this affects the question. Upon an indebtedness without interest, payable at no particular time but upon demand, a demand is necessary to make the indebtedness due and interest only begins to run from the time of maturity; but we do not think that a demand affects the matter of interest where the debt is payable at a definite time. The general rule is, "that whenever the debtor knows what he is to pay and when he is to pay it, he shall be charged with interest if he neglects to pay." *People* v. *New York*, 5 Cowen, 331, quoted with approval in *Swett* v. *Hooper*, 62 Maine, 54. And the only reason why this rule does not apply in the case of interest due at a stipulated time and unpaid, is that the law regards it as against public policy to allow a creditor to recover compound interest.

In the case of *Parkhurst* v. *Cummings*, 56 Maine, 155, this court adopted a much more stringent rule than is necessary to sustain in this case. A mortgage was given to secure a note with interest annually. After the note had been running many years the mortgagor gave a new note for the accumulated interest upon the first note, and made that with interest annually. In a bill in equity to redeem brought by the holder of a junior mortgage, the holder of the first mortgage claimed interest upon the interest note as well as the unpaid interest upon the original principal; but the court held that the holder of the second mortgage was entitled to redeem upon payment of the original note and simple interest thereon, nothwithstanding the fact that the mortgagor had given a second interest bearing note for the accumulated interest on the first note.

In view of these authorities the court is of opinion that the defendant was not entitled to retain the interest upon interest which was paid by the plaintiffs.

This mortgage was foreclosed by publication, one of the methods provided by law. The statute is silent as to whether one who is entitled to redeem must pay the costs of a foreclosure in this method before he shall be allowed to redeem; but we have no question that the necessary expense of such a foreclosure must be paid by the mortgagor, whose default has made the expenditure necessary, or by another who has obtained from the mortgagor the right to redeem. This applies to the amount paid for publishing the notice of foreclosure in a newspaper and the recorder's fee for recording the same. But the amount paid an attorney for professional services, however wise, and sometimes almost absolutely necessary it may be to employ an attorney for such service, is not legally a necessary expenditure; therefore the person entitled to redeem should not be obliged to pay it.

The plaintiffs are therefore entitled to recover the sum of $19.80, excessive interest paid by them, and the further sum of $10, the attorney's fee for services in forelosing the mortgage, together with interest from January 3rd, 1893.

*Judgment accordingly.*