James L. MARTIN

v.

**PISCATAQUIS SAVINGS BANK.**

Supreme Judicial Court of Maine.

Sept. 11, 1974.

*325 A 2d 44*

Alvin W. Perkins by Richard Edwards, Guilford, for plaintiff.

C. W. and H. M. Hayes by John L. Easton, Jr., Dover-Foxcroft, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

James Martin, plaintiff below, brought an action against defendant Piscataquis Savings Bank (hereinafter the Bank) to recover a portion of the monies paid to the Bank in discharge of a mortgage. Essentially, plaintiff's action challenged the right of the Bank to charge plaintiff for attorney's fees incurred when the Bank obtained a writ of possession to oust plaintiff from the mortgage estate. Plaintiff paid the attorney's fees under protest in order to consummate the discharge of the mortgage; his action followed to recover the disputed sum. The Superior Court of Piscataquis County granted defendant's motion for summary judgment, and plaintiff appeals. We sustain the appeal.

The provenience of the dispute may be traced to June 1968, when plaintiff received $5,000 from defendant Bank in return for a promissory note executed in the Bank's favor and secured by a mortgage on real estate owned by plaintiff. Subsequently, plaintiff failed to conform to the conditions of the note and mortgage, and in November 1970 the Bank foreclosed by public notice, without possession, pursuant to 14 M.R.S.A. § 6203(1). In January 1971, on the theory that plaintiff's continuing possession of the mortgaged real estate constituted an "unjust disseizin" of the mortgagee's interest, the Bank sought a writ of possession under 14 M.R.S.A. §§ 6251, 6252. In May 1971, the Superior Court granted the writ of possession.

Early in November 1971, within the one-year period allowed for redemption of mortgaged premises under 14 M.R.S.A. § 6204, plaintiff informed the Bank of his willingness and ability to redeem the mortgage. The Bank presented plaintiff with a summary of the amounts due on the mortgage, which included $35.00 for attorney's fees pertaining to the foreclosure by public notice and $264.50 for attorney's fees pertaining to the writ of possession. The Bank refused to execute a discharge of the mortgage unless all the sums due were paid. Plaintiff acquiesced, paying under protest. In February 1973 plaintiff brought the instant action to recover the $265.40 charged as attorney's fees for the writ of possession, plus $20.57 interest. The parties stipulated that the amount charged as attorney's fees was "reasonable".

Any effort to determine the propriety of the Bank's charging attorney's fees under the above circumstances must commence with an examination of the statutes which govern the foreclosure of mortgages in Maine.[1] Attorney's fees in foreclosure actions are primarily governed by 14 M.R.S.A. § 6101, which reads:

> For the foreclosure of a mortgage by either method prescribed by section 6201, subsections 2 and 3, or by section 6203, . . . the mortgagee or the person claiming under him may charge a reasonable attorney's fee which shall be a lien on the mortgage estate. . . .

Plaintiff urges that this language provides no support for defendant Bank's charging attorney's fees pertaining to the writ of

1. 14 M.R.S.A. § 6201 provides three separate methods by which a mortgagee may foreclose on the mortgage and gain possession of the mortgaged premises. Section 6201(1) describes a writ of possession issued on a conditional judgment as provided by 14 M.R.S.A. §§ 6251, 6252. Section 6201(2) describes the mortgagee's taking possession of the mortgaged premises with the consent of the mortgagor. Section 6201(3) describes unopposed, peaceable entry by the mortgagee in the presence of two witnesses, followed by certification of the fact and time of entry. In addition, 14 M.R.S.A. § 6203 provides for foreclosure by public notice or by service of notice on the mortgagor; under § 6203, however, the mortgagee forecloses without going into possession.

possession. Defendant replies that the writ of possession was not a foreclosure under § 6201(1), but was a necessary procedure incident to a foreclosure by public notice under § 6203(1), for which reasonable attorney's fees may be charged against the mortgage estate.

The critical problem in this case is the characterization of the Bank's conduct in seeking a writ of possession: was the writ of possession part and parcel of the foreclosure by public notice so as to permit the recovery of attorney's fees? The language of § 6101 does not include § 6201(1), foreclosure by writ of possession, among those methods of foreclosure for which mortgagees may charge attorney's fees. The exclusion of the writ of possession is all the more pointed since the succeeding subsections, (2) and (3) of § 6201, describing foreclosure by consent and by peaceable entry, are specifically included as suitable for the charging of attorney's fees. 14 M.R.S.A. § 6101.

 In construing a statute, we look first to the language of the statute as the expression of the legislature's intent. Where two subsections of a statute are specifically embraced in a certain statutory procedure and a third subsection is omitted, we think it is a fair inference that the third section is excluded from the statutory procedure, unless there is an expressed legislative policy strong enough to encompass the excluded section. *See* In re Herle's Estate, 165 Misc. 46, 300 N.Y.S. 103, 113 (Sur.Ct. 1937). In § 6101 it is plain that the legislature intended to permit the recovery of attorney's fees in certain foreclosure actions. Equally plain is the omission of writs of possession from the enumerated sections. We think the legislature has formulated its policy clearly, and we will not recklessly extrapolate from that policy by imposing attorney's fees in statutory actions where there is no basis in law or policy for judicial intervention. From an examination of all the parts of § 6201, and a consideration of the plain meaning of the language of § 6101, we must con-

clude that the express inclusion of §§ 6201(2) and (3) and the omission of § 6201(1) was a reasoned exercise of the sovereign prerogatives of the legislature and was intended to exclude foreclosure by writ of possession from the statutory recovery of attorney's fees under § 6101. *Cf.* City of Portland v. New England Telephone & Telegraph Co., 103 Me. 240, 249, 68 A. 1040, 1043 (1907).

Even so, defendant Bank contends that the writ of possession was not the means by which the mortgage was foreclosed. In the Bank's view, the mortgage was foreclosed by public notice under § 6203(1). Since reasonable attorney's fees may be charged for a foreclosure under § 6203, the Bank argues that the writ of possession was a necessary sequel to the foreclosure process already initiated, and that the attorney's fees entailed in procuring the writ may properly be surcharged to the mortgagor.

 It is true that the Bank may charge reasonable attorney fees for foreclosure by public notice. 14 M.R.S.A. § 6101. The Bank made such charges in the amount of $35.00, and was paid by the mortgagor. Any attempt, however, to treat the writ of possession as incident to foreclosure by public notice must be rejected because a writ of possession is a statutory procedure separate and distinct from foreclosure by public notice. The fact that the Bank subsequently decided, after initiating foreclosure by public notice, that its security interest in the mortgage estate might be better protected by a writ of possession, does not mean that the Bank can recoup its legal fees by labelling the writ of possession as an incident of foreclosure by public notice. The Bank had already recovered its reasonable attorney's fees under § 6101 for the foreclosure by public notice. Section 6101 omits writs of possession from the methods of foreclosure for which mortgagees can recover attorney's fees. In the context of the statute, we hold that omission to be conclusive.

Finally, even considered as a completely independent action under 14 M.R.S.A. §§ 6251, 6252, separate from foreclosure by public notice, the writ of possession cannot be considered a proper subject for an award of attorney's fees. As a general rule, attorney's fees are not allowable on foreclosure of a mortgage unless they have been authorized by contract or statute. Gralynn Laundry, Inc. v. Virginia Bond & Mortgage Corp., 121 Fla. 312, 314, 163 So. 706, 707 (1935); Armijo v. Henry, 14 N.M. 181, 193, 89 P. 305, 309 (1907). Indeed, in Maine the common-law rule denied mortgagees the right to recover attorney's fees even where the mortgage had been foreclosed by publication. Whitcomb v. Harris, 90 Me. 206, 212, 38 A. 138, 140–141 (1897).[2] In the instant case, there is no contract between the parties that stipulates the mortgagee's right to recover attorney's fees. Nor is there a court order awarding fees pursuant to valid legal authority. This being said, it follows that defendant Bank may not impose its attorney's fees by fiat or extract illegal fees by threatening to impair the mortgagor's equity of redemption.

We construe the omission of writs of possession from the methods of foreclosure for which recovery of attorney's fees is allowed to be equivalent to a legislative declaration that attorney's fees shall not be recovered attendant to those writs. Under the mandate of § 6101, we refuse to countenance defendant Bank's claim that writs of possession are "incidental" to foreclosure by public notice. The recovery of attorney's fees based on such a proposition would be a palpable evasion of the law, and a subversion of the proper and intended use of the various procedures of foreclosure. See Eliason v. Sidle, 61 Minn. 285, 286–287, 63 N.W. 730, 731 (1895).

The entry must be:

Appeal sustained. Remanded with instructions to enter summary judgment for plaintiff.

All Justices concur.

---

2. Of course, the *Whitcomb* case must be read in the light of 14 M.R.S.A. § 6101, which specifically permits the recovery of reasonable attorney's fees upon foreclosure by publication.