Hixon v. Selders.

Martha A. Hixon, Respondent, v. James B. Selders, Appellant.

**Kansas City Court of Appeals, June 8, 1891.**

1. **Amendments: UNLAWFUL DETAINER: VERIFICATION.** Amendments are favored, and should be liberally made in furtherance of justice ; and there is no impropriety in allowing an amendment changing the amount of damage in the complaint for unlawful detainer, after the jury is sworn, or even after verdict, and no second verification of the complaint after amendment is required.

2. **Forcible Entry: COMPLAINT: DAMAGES.** The statute does not require the complaint in an action of forcible or unlawful entry and detainer to allege a specific claim for damages.

*Appeal from the Barton Circuit Court.*—Hon. D. P. Stratton, Judge.

Affirmed.

*McCluer & Bowling*, for appellant.

(1) The complaint must be verified by affidavit. R. S. 1889, sec. 5092 ; *Fletcher v. Keyte*, 66 Mo. 285. (2) In unlawful detainer cases justices of the peace have exclusive original jurisdiction. *McQuoid v. Lamb*, 19 Mo. App. 153 ; *Bast v. Ketchum*, 5 Mo. App. 433 ; *Fletcher v. Keyte, supra*. (3) In an action commenced before a justice of the peace under the unlawful detainer act, if plaintiff claim a specific sum as embracing the amount of his damages, judgment on appeal to the circuit court for a greater sum is error. *Moore v. Dixon*, 50 Mo. 424. An affidavit cannot be amended by interlineation or erasure.

*H. C. Timmonds*, for respondent.

Section 5092, Revised Statutes, requires that the complaint "shall be in writing, signed by the party

aggrieved, his agent or attorney, and sworn to, speci-
fying the lands, tenements or other possessions so
forcibly entered and detained, or unlawfully detained,
and by whom and when done." This was all done.
*Moore v. Dixon*, 50° Mo. 424 ; R. S., secs. 5103, 2057 ;
*Elliott v. Abell*, 39 Mo. App. 346.

SMITH, P. J.—This is an unlawful detainer suit,
brought by plaintiff to recover from the defendant pos-
session of eighty acres of land in Barton county, Mis-
souri, and damages for withholding the same. The suit
was instituted before a justice of the peace, and taken
by writ of *certiorari* to the circuit court. The com-
plaint that was filed with the justice, and which was
duly sworn to, alleged that plaintiff was damaged in
the sum of $50. After the jury was selected and sworn
(in the circuit court) to try the case, the plaintiff
asked leave to amend her complaint by interlineation,
by adding the words "one hundred and," just before
the word "fifty" in the *ad damnum* averment of the
complaint, so that the allegation as to damages would
be $150, instead of $50. The defendant objected to the
amendment, but the court granted the request, and the
complaint was so amended, defendant saving his excep-
tions. After the amendment the complaint *was not*
sworn to. A trial was then had which resulted in a
finding for the plaintiff, the damages being assessed at
$84. The defendant then filed a motion for a new trial,
and, pending the action on said motion, plaintiff again
asked leave to amend, this time by striking out the
words "one hundred and," that had before, by leave
of the court, been interlined over the objection of the
defendant ; and, also, the word "fifty" just following
said words, so that the complaint would then allege
that the plaintiff was damaged in the sum of ———
dollars ; the defendant objected to said amendment
being made, but the court permitted the same, which
was then done, defendant saving his exceptions. After

the complaint was so amended it was not sworn to. The court then rendered judgment for double the damages assessed by the jury, from which the defendant has appealed.

The single question presented by the record in this case for our decision is, as to the propriety of the action of the circuit court in permitting the two amendments by the plaintiff of her complaint. Amendments are favored, and should be liberally made in furtherance of justice. When a cause is appealed from a justice of the peace to the circuit court it is tried there on its merits, and the only prohibition against making amendment is that the cause of action shall not be changed. *House v. Duncan*, 50 Mo. 453.

There was no impropriety in allowing the amendment, changing the amount in the *ad damnum* averment in the complaint from $50 to $150. *Elliott v. Abell*, 39 Mo. App. 346. After the verdict of the jury was returned, and before judgment had been rendered, it was still within the power of the court to allow any amendment of the complaint which would make it conform to the proof adduced. *McClannahan v. Smith*, 76 Mo. 428. There was no sort of occasion requiring the plaintiff to ask leave to make a second amendment of her complaint. However, by striking out of her complaint the amount of damages she had claimed, she still had left all the essentials necessary to entitle her to recover both the premises and the damages assessed by the jury. The damages assessed were not in excess of the amount named in the *ad damnum* averment after its first amendment, which we have stated was not improper.

Under section 2423, of the statutes, in respect to the action of forcible or unlawful entry and detainer, it is not necessary, in the complaint, to allege a specific claim for damages. *Moore v. Dixon*, 50 Mo. 424; *Feedler v. Schroeder*, 59 Mo. 364. The complaint, as last amended, stood as if no amount of damages were

claimed therein. Thus amended, it was sufficient under the statute to warrant the verdict and judgment.

It was the constant practice under the practice act of 1855, which required the verification of every petition, answer or replication to make any of the amendments authorized by sections 3, 6, 7, 8, 11 and 14, of article 4, chapter 128, Revised Statutes, 1855, 1252, without a second verification, and we see no reason why a different practice should obtain under the statute in relation to forcible entry and detainer. Amendments like the one in question are allowed by the court on application of the complainant, and the complaint, after such amendment, is to be taken as if it had been originally framed as it appears in its amended form. No reason is discovered why the trial court may not allow an amendment of a complaint to be made by interlineation. No injury could result to the adverse party by this practice.

We can perceive no ground upon which we are authorized to sustain the defendant's appeal. The judgment must be affirmed. All concur.