HOLT COUNTY v. CANNON *et al.*, *Appellants.*

Division One, March 13, 1893.

1. **Petition**: AMENDMENT: MOTION TO STRIKE OUT.  Where the facts stated in the original and amended petitions are the same, the only difference being in the relief sought, a motion to strike out the amended petition is properly denied.

2. **Practice**: MOTION TO STRIKE OUT AMENDED PETITION: WAIVER.  A motion to strike out an amended petition is abandoned by answering over and cannot be insisted upon on appeal.

3. ———: JUDGMENT, WHEN NOT DEFECTIVE.  A judgment rendered by a court having jurisdiction of the subject-matter and the parties, from which no appeal has been taken, is binding and conclusive upon the parties, and cannot be impeached for any defect in pleading or in proof.

4. ———: ———.  In a suit upon such judgment, the sufficiency of the petition on which it was rendered, or the merits of the judgment itself, cannot be inquired into.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*L. R. Knowles* for appellants.

This present action cannot be maintained because the original judgment is absolutely void for two reasons: *First*. Because the petition upon which the judgment was rendered was radically and fatally defective in failing to state a cause of action. *Second*. Because the plaintiff, Holt county, had no interest in the subject-matter, directly or indirectly, and no authority under the law to maintain such an action. The petition nowhere alleges, and truthfully too, that the plaintiff had paid out any money on said warrants, or that the plaintiff was, in any manner, legally bound to pay the same. There can be no innocent holder of a county warrant. 1 Randolph on Commercial Paper, sec. 91, p. 109, and note on page 110, and authorities there cited; 1 Dillon's Municipal Corporation [3 Ed.] p. 487; *Matthis v. Cameron*, 62 Mo. 504. The petition not only fails to state a cause of action but sets forth a state of facts which shows conclusively that the plaintiff had no cause of action against the defendants or any one else. Hence the judgment is void. Bliss on Code Pleading, secs. 435 and 442; *Frazer v. Roberts*, 32 Mo. 457; *Welch v. Bryan*, 28 Mo. 30; *State to use v. Matson*, 38 Mo. 489; *Jones v. Tuller*, 38 Mo. 363; *State v. Griffith*, 63 Mo. 545; *Sweet v. Maupin*, 65 Mo. 65; *Weil v. Greene Co.* 69 Mo. 287. A county court is not the general agent of the county, but simply an agent with limited powers, fixed and defined by the statute. So long as it continues in the narrow pathway pointed out by the law, its acts are valid, but when it steps beyond its acts are void. *County v. Wilson*, 61 Mo. 237; *County v. Cowan*, 54 Mo. 234; *Stein v. County*, 48 Mo. 167; *Ruggles v. Collier*, 43 Mo. 353; *Walcott v. County*, 26 Mo. 272; *Sturgeon v. Hampton*, 88 Mo. 209. The respondent filed its petition to revive the judgment and then attempted

to sue on the judgment, and by so doing changed its cause, in violation of a well settled rule of practice.

*T. C. Dungan* for respondent.

(1) The judgment sued on is not void nor even voidable. The appellants were duly notified and were apprised of their rights, appeared by attorney and made defense; and although they might by reasonable diligence have prevented judgment from going against them, failing to do so, they could not afterwards be allowed to reagitate questions which were, or should have been adjudicated; but such judgment is conclusive. *Hotel Ass'n, v. Parker,* 58 Mo. 327; Freeman on Judgments, sec. 215, *et seq.* and secs. 286–289; *Aurora City v. West,* 7 Wall. 102; *Greenabaum v. Elliott,* 60 Mo. 31; *State ex rel. v. Hunter,* 11 S. W. Rep. (Mo.) 757; *Childs v. Shannon,* 16 Mo. 331; *Dilworth v. Rice,* 48 Mo. 124; *Martin v. McLean,* 49 Mo. 361; *Matthews v. Lawrence,* 1 Denio, 212; *Huyck v. Graham,* 46 N. W. Rep. (Mich.) 781. (2) No exceptions can be taken to the validity of a judgment sought to be enforced by a revival or by a new judgment if same is in form and substance on record as a judgment of the court. The judgment is valid between the parties and their privies till set aside on motion or reversed on appeal or writ of error. If defendants deny the existence of the judgment, they fail if a judgment in form be produced. And they will not be heard if they attempt to show that the judgment ought not to have been rendered. *Sampson v. Watson,* 15 Mo. App. 431; *Davidson v. Thornton,* 7 Pa. St. 131; *Miller v. Shackleford,* 16 Ala. 95; *Duncan v. Hargrove,* 22 Ala. 150; *Milsap v. Wildman,* 5 Mo. 425; *Wolff v. Schaffer,* 4 Mo. App. 367; *McNair v. Biddle,* 8 Mo. 264; *Perryman v. State,* 8 Mo. 209; *Ellis v. Jones,* 57 Mo. 188. (3) Although the judgment against appellants be

voidable, or even absolutely void, and might have been set aside on motion, yet, if said original judgment has been properly revived on *scire facias*, such judgment can not be afterwards impeached or called in question. *Wood v. Ellis*, 10 Mo. 382; *Ellis v. Jones*, 51 Mo. 188; *Wagner v. Lessees*, 19 Ohio, 67. (4) Respondent's second amended petition was for precisely the same cause of action contained in the original and first amended petition, and warranted the verdict and judgment of the court.

BRACE, J.—This cause is certified here from the Kansas City court of appeals under the constitutional amendment, for the reason that "a county is a party."

It appears from the record that on the twenty-first of August, 1875, the plaintiff obtained judgment in the circuit court of Holt county against the defendant for $625.54. That afterwards, in a proper proceeding in said circuit court, said judgment was on the thirteenth day of January, 1879 duly revived, and afterwards on the twelfth day of September, 1882 was again duly revived in said court. At the August term, 1888, a petition was filed in said court in behalf of the county by the prosecuting attorney, setting forth the foregoing facts, and that no part of said judgment had been paid and praying that said judgment be again revived. To this petition the defendants demurred and their demurrer was sustained. The plaintiff by leave of court filed an amended petition setting up substantially the same facts, and praying for judgment for the amount of said original judgment and interest.

The defendants thereupon filed their motion to strike out the amended petition for the reason that it set up a new and different cause of action from that stated in the original petition. The court overruled the

motion, and the defendants thereupon filed their answer to the amended petition, in which they claimed that the judgment and the revivals thereof were void because the petition in the original action did not state facts sufficient to constitute a cause of action; the court did not have jurisdiction over the subject-matter of the action; and that the suit was instituted and maintained in the name of Holt county who had no interest in the action; that the real parties in interest were not made parties, and set out the petition in said action, which in substance charged that the defendants had fraudulently received from the plaintiff the sum of $1,251.08 in county warrants in excess of what they were entitled to under a contract for constructing a ditch to drain certain lands in said county, made with the commissioners appointed by the county court for that purpose; upon erroneous estimates made by said commissioners, and known to be so erroneous by the defendants; that these warrants were paid from time to time until the special fund in hand for their payment was exhausted; and some of the last of the warrants were unpaid and in the hand of innocent holders. Issue was joined upon the answer by reply.

The plaintiff introduced the original judgment and the judgments of revival in evidence, and it was admitted that nothing had ever been paid on the judgment.

The defendant offered the petition in the original suit in evidence, and asked the court to declare the law to be that the petition failed to state facts sufficient to constitute a cause of action and that the judgment rendered thereon and the orders of revival of the same are void and the finding must be for the defendants. The court refused the declaration, found the issues for the plaintiff, and rendered judgment in its favor for the amount of the original judgment and interest. The defendants appeal. The errors assigned are, the

refusal of the court to strike out the amended petition, and to give defendants' declarations of law.

I. The facts stated in the original and amended petitions are the same. The only difference is in the relief sought. The court committed no error in refusing to strike out the amended petition; but if it had, the defendant having abandoned the motion by answering over, cannot insist upon it on appeal. *Sauter v. Leveridge*, 103 Mo. 615; *Scovill v. Glasner*, 79 Mo. 449.

II. The record in the original action showed that the defendants had been duly summoned, appeared, made their defense, and that the judgment rendered against them was a final judgment of the circuit court of Holt county—a court having jurisdiction of the subject-matter and the parties to the action, from which no appeal was taken or writ of error sued out, but which, on the contrary, had been twice revived upon due notice in said court. It goes without saying that such judgment is binding and conclusive upon the parties and cannot be impeached for any defect in pleading or proof, and that in a suit upon it the sufficiency of the petition on which it was rendered, or the merits of the judgment can not be inquired into. 2 Black on Judgments, secs. 970–971; 2 Freeman on Judgments, sec. 435. This appeal is entirely without merit and the judgment of the circuit court will be affirmed with ten per cent. damages. All concur.