[No. 1067, February 25, 1905.]

## BREMEN MINING AND MILLING COMPANY, Appellant, v. MRS. D. A. BREMEN, et al., Appellees.

### SYLLABUS.

1. Where, after the sustaining of a demurrer to a pleading, the pleader elects to amend, he waives the right to allege error on the ruling.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, Secs. 1401, 1402.]

2. Comp. Laws 1897, Sec. 3938, giving a right of redemption after foreclosure of a deed of trust, confers no such right as to a deed of trust executed before the statute took effect.

[Ed. Note.—For cases in point, see Vol. 10, Cent. Dig. Constitutional Law, Sec. 501; Vol. 35, Cent. Dig. Mortgages, Sec. 1693½.]

3. Comp. Laws 1897, Sec. 2685, subd. 81, provides that any pleading may be once amended of course at any time before expiration of the period for answering, and sub-division 33 provides that plaintiff may unite in the same complaint several causes of action arising out of the same transaction connected with the same subject-matter. After foreclosure of a deed of trust the grantor filed a bill praying for redemption on payment of the amount bid and interest, and before anwser an amended bill was filed setting up facts showing limitations, and praying for a cancellation of the trustee's deed and, the quieting of plaintiff's title. Held, that the amendment should have been permitted.

Appeal from the district court of Grant county, before FRANK W. PARKER. Associate Justice. Affirmed.

Bremen Mining Co. v. Bremen.

A. H. HARLLEE and W. H. and DAVIS BIGGS, for appellants.

It is competent for the states to change the form of the remedy, or to modify it as they may see fit, provided no substantial right secured by the contract is thereby impaired.

United States v. Quincy, 4 Wall. 535; Cairo & Fulton R. I. Co. v. Hecht, 95 U. S. 188; Sturges v. Crowninshield, 4 Wheat, 122; Terry v. Anderson, 95 U. S. 628; Tennessee v. Sneed, 96; U. S. 69; Bronson v. Kinzie, 1 How. 311; Von Hoffman v. Quincy; 4 Wall. 535; Bruce v. Schuyler, 9 Ill. 221; Huntzinger v. Brock, 3 Grant, Cas. 245; Evans v. Montgomery, 4 Watts. & S. 218; Read v. Bk. 23 Me. 318; Walker v. Whitehead, 16 Wall. 314; Carolina v. Gaillard, 101 U. S. 433; McGahey v. Virginia, 135 U. S. 662; Van Rennselear v. Snyder, 13 N. Y. 299; Conkey v. Hart, 14 N. Y. 22; Barnett v. Beverly, 163 U. S. 118; Seibert v. U. S. 122 U. S. 284; Black on Constitutional Prohibitions, p. 166; Edwards v. Kearzey, 96 U. S. 595; Louisiana v. New Orleans, 103 U. S. 714; Antoni v. Greenlow, 107 U. S. 766.

Cases under State Statutes:

Holloway v. Sherman, 12 Iowa 282; Van Baumback v. Bode, 9 Wisconsin 559; Chadwick v. Moore, 8 Watts. & S. (Pennsylvania) 49; Morse v. Gould, 1 Kerman (11 N. Y.) 281; Farnsworth et al. v. Vance, 2 Cold. (Tennessee) 108; Walden et al. v. Bodley et al., 14 Peters 155; Coddington v. Mott, 14 N. J. Eq., 430; Mayor v. Dry, 2 Sim. & St. 113; Dodd v. Astor, 2 Barb. Ch. 395; Meads v. Hartley, 4 Mackey, 391; Papin v. Goodrich, 103 Ill. 86; Ency. Pl. & Pr. pp. 552-554-551; Schwab Clothing Company v. The St. Louis, Iron Mountain and Southern Ry. Co., 71 Mo.

App's. 241; Daley v. Gates, 65 Vt. 592; Union Pac. Ry. Co. v. Wyler, 158 U. S. 877.

S. M. Ashenfelter and Percy Wilson, for appellees.

It is a well recognized rule of statutory construction that an act will not be construed to operate retroactively unless it clearly shows upon its face an intention that it should have such effect.

> Cooley on Constitutional Limitations, (6th Ed.) p. 455.

The territorial Legislature has no power to pass a law impairing the obligation of a contract, or at once, without notice to destroy all remedy upon it, which is in fact the same thing.

> Martin v. Shark, 1 Kas. 117.

A vested right of action is property in the same sense in which tangible claims are property, and is equally protected against arbitrary interference. Where it springs from contract or from principles of common law it is not competent for the Legislature to take it away.

> Willis v. Jelineck, 27 Minn. 18; O'Brien v. Kreng, 36 Minn. 140; Dingley v. Paxton, 60 Miss. 1038; Moodey v. Haskins, 64 Miss. 648; Slandenmire v. Brown, 48 Ala. 699; Railroad v. Elliott, 53 N. H. 387.

As to the applicability of the fifth and fourteenth amendments to the constitution of the United States to the territories, see

> Graves v. Northern Pac. R. R. Co. 5 Mont. 556; Chawvin v. Valiton, 8 Mont. 451; Beelenberg v. Montana Union Ry. Co., 8 Montana 271; Caterie v. Union Pac. R. R. Co., 2 Idaho, 540; Jensen v. Union Pac. R. R. Co., 6 Utah 253.

At common law an amendment of a declaration which set up a new and different cause of action was not allowable.

> Shields v. Barrow, 17 How. 130.

And in Missouri the same rule has been adopted.

> Lottman v. Barnett, 62 Mo. 159; Lump-

kin v. Collier, 69 Mo. 170; Scovill v. Glasner, 79 Mo. 449; Mitchell v. Mo. Pac. Ry. Co., 82 Mo. 106; Minter v. Hannibal, etc. R. Co., 82 Mo. 128; Holt Co. v. Cannon, 114 Mo. 514.

See also:

Union Pac. Ry. Co. v. Wyler, 158 U. S. 285; Hurst v. Detroit City R. Co., 48 Mich. 539; Holliday v. Jackson, 21 Mo. App. 660.

### STATEMENT OF FACTS.

On the 6th day of December, 1886, the complainant company, a New Mexico corporation, executed its deed of trust, whereby it conveyed to one Edmund T. Allen as trustee for the benefit and better securing of one Martin W. Bremen, the holder of one of a series of two hundred and forty bonds issued by the company, the following named mines and mining claims: "Backbone," "Chloride," "Victoria," "Baltic," "Wagner," "Santiago," "Chewawa," "Batopilas," "San Vicente," "Bremen," and "Seventy Six," also the Tennessee Mill Site, all of which mines and the mill site are fully described in the deed of trust, and also a large amount of personal property therein enumerated. The following trust and covenants are expressed in the trust deed:

"But, upon trust, nevertheless, for the benefit and better security of said Martin W. Bremen, to whom said bonds have been delivered, and of the persons, respectively, who shall or may, from time to time, be or become the holders of said bonds, or any of them, and with the powers and duties on the part of said trustee in his behalf and subject always to the conditions and covenants respectively hereinafter set forth, that is to say:

"The said mining company covenants with said trustee, his heirs, successor or successors and assigns that the principal of, and interest coupons on each of said bonds shall be paid when due respectively, according to the tenor thereof to the legal holder of the same, and it is further mutually agreed that upon the judgment or surrender of the same, and cancellation of all of said bonds and coupons, the trust hereby created shall cease, and said trustee, or his successor in said trust, shall execute a proper deed

or deeds of release therefrom of the property hereinbefore described, provided that if at the maturity of said bonds all of them be not presented for payment, and payment thereof accepted, then upon the deposit by or for the account of said mining company, or assigns, with said trustee or his successors in said trust, of an amount of money sufficient to pay and discharge all of said bonds and coupons still outstanding, then said trustee or his successor shall upon demand by said mining company, or assigns, release said lands and property from the lien of this mortgage deed by proper conveyance which shall be effectual therefor.

AND THIS INDENTURE FURTHER WITNESS-ETH: That pending this trust and until sale or foreclosure upon default in payment of the principal of any of said bonds outstanding, or of any interest due and payable thereon, the absolute right is reserved to said mining company, its officers, agents, lessees and assigns, respectively, to occupy and possess the said above described and granted premises and every part thereof, and to use and operate for its own benefit, the buildings, improvements, plant and machinery thereon and to dig, mine and take away and dispose of any ores, minerals and other products thereof, for the benefit and profit of said mining company without accountability therefor; provided that all the personal property hereby conveyed, inclusive of the livestock aforesaid, shall be kept in as good condition, as at this present time; or other similar and equally good personal property substituted therefor by said mining company, to which personal property so substituted, the lien of this mortgage shall attach."

Default having been made in the payment of all of the bonds and interest provided for in the trust deed, upon the written request of the legal holders of more than five of said bonds, as provided for, after having given thirty days notice, required, the trustee sold the real property described in the trust deed to Donaciana A. Bremen, who was the highest and best bidder, for the sum of five thousand dollars, ($5,000.00) on the 6th day of December, 1901, executed to her his deed as such trustee on the same

day, and the purchaser went into possession of the property purchased by her.

### OPINION OF THE COURT.

M'FIE, J.—On the 2nd day of December, 1902, the Bremen Mining and Milling Company filed its bill in equity in which the above, among other facts, were alleged and it was further aleged:

"Plaintiff further states that the aforesaid property was conveyed to said Allen upon the following trust; that is to say, for the benefit and better security of Martin W. Bremen, to whom said bonds were delivered, and the persons, respectively, who shall or may, from time to time, be or become the holders of said bonds or any of them; that said mortgage deed of trust contains a power of sale; that in the event of the default of said company to pay the principal of said bonds or the interest thereon, the said Allen, trustee, shall have the power to sell said property, after proper advertisement, for the payment of said principal or interest, at the east front door of the court house in the city of St. Louis, Missouri.

"Plaintiff further states that said property was sold at the east front door of the court house in the city of St. Louis, Missouri, by the said Edmund T. Allen, trustee, by virtue of the power contained in said deed of trust, and that said sale took place on the 6th day of December, 1901; that the defendant, Mrs. D. A. Bremen, was the only bidder at said sale, and that aforesaid property was sold to her for the sum of five thousand dollars, ($5,000.00) the amount bid by her; that the said Edmund T. Allen, trustee, executed and delivered to her a trustee's deed therefor, and that the defendant, Mrs. D. A. Bremen, is now in possession of said property under said deed.

Plaintiff further states upon information and belief that the defendants Jacob Klein and William L. B. G. Allen, claim to own some right, title and interest in said premises, as to the exact nature and extent of which plaintiff is not advised. Therefore, said defendants Jacob Klein and William L. B. G. Allen are made parties to this suit.

Plaintiff further states that on the first day of De-

cember nineteen hundred and two, it tendered to defendant Mrs. D. A. Bremen, the sum of five thousand six hundred, ($5,600.00) dollars, being the amount bid by her at said sale, together with interest at the rate of twelve (12) per cent per annum, and demanded that she deliver possession of said property to the plaintiff, and execute to it a proper deed; but said tender and demand was refused. Plaintiff says that it is now ready and willing to deposit said sum of money in said court at the trial of this cause or when the same may be ordered by said court."

The prayer of the bill is in the following language:

"The premises considered, plaintiff prays that it be permitted to redeem the said described real estate and mining property together with the appurtenances and improvements thereto belonging, upon payment to defendant Mrs. D. A. Bremen, of the sum of five thousand dollars ($5,000.00) with twelve (12) per cent interest thereon from the date of said purchase to-wit: the sixth day of December, 1901, up to the date of said tender to-wit: December 1st, 1902. That the defendant, Mrs. D. A. Bremen be required to deliver up to this plaintiff the possession of said premises, and that it be decreed by the court that the title to all and singular the said premises be vested in the plaintiff, and that a deed be duly executed under and in pursuance of an order of this court conveying to this plaintiff all and singular the said premises together with the improvements and appurtenances; plaintiff prays for such further and other relief as to the court may seem meet and proper."

On the seventh day of February, 1903, a demurrer was filed on behalf of the defendant Bremen, denying the right of redemption for the following reasons:

"1. That the showing made in and by said complaint does not entitle plaintiff to redeem the property in said complaint described, from the sale therein set up.

"2. That at the time of the execution of the deed of trust set up in said complaint there was no right of redemption from sale thereunder.

"3. That the statute of New Mexico allowing redemption from sales under mortgages and deeds of trusts

is not applicable to the deed of trust or to the sale thereunder set up in said complaint.

"4. That the statute of New Mexico, Chapter fiftyone, (51), Session Laws 1888, cannot constitutionally apply to the sale set up in said complaint."

On the 7th day of September, 1903, the demurrer was sustained by the court and leave was given the plaintiff to amend the complaint within twenty days from the date of the order sustaining the demurrer. On the 5th day of October, 1903, the plaintiff filed an amended complaint.

The first error assigned, is, the sustaining of the demurrer to the original complaint. In the order sustaining the demurrer leave was given to amend the complaint. The plaintiff elected to take the benefit of this leave and file its amended complaint under it. Under the circumstances of this case, this would seem to be an abandonment of the original bill and a waiver of any objection made to the ruling upon the demurrer.

In the case Cleland, Jr., v. Lewis Hostetter, et ux., decided at the present term of this court, the court, speaking by Mr. Justice Pope, said: "By filing his amended reply in this form plaintiff would seem to have waived his right to allege error in the ruling on the demurrer to the original reply," in support of this holding are cited: "Gale v. Tonlumne Co., 14 Cal. 25; Kennedy v. Anderson, 98 Ind. 151; Forsheimer v. Holley, 14 Fla. 239; Gay v. James, 11 Colo. 540; Gay v. Foss, 47 Mo. 276; State v. Simpkins, 77 Iowa 676; 1 A. & E. Ency. Pl. & Pr. pp. 624-626, and cases cited.

This language of the court would seem to be equally applicable to the present case, for, in this, as in the former case, the plaintiff had the option of standing by its pleading and thus challenging the correctness of the court's ruling, for admitting the insufficiency of the complaint and therefore the correctness of the ruling, by electing to amend. Where this election exists and the party against whom the ruling is made, as in this case, elects to amend the pleading held to be insufficient, the aggrieved party thereby waives the right to allege error in the ruling on the demurrer.

It is deemed advisable, however, to give this assignment perfect consideration on account of the importance of the legal principle raised by it. As above stated, **2** this property was sold under a power of sale contained in the trust deed, which deed was executed December the 6th, 1886. The property was sold December 6th, 1901. The first redemption statute enacted in this Territory in 1889 became effective by limitation February 14th, 1889. Chapter 51, Laws of 1889-9; Section 3938 Comp. Laws, 1897, and is in the following language:

"Section 3938. No real property shall be sold upon foreclosure of any mortgage, mortgage deed, trust deed, or any other written instrument which may operate as a mortgage under or by any order judgment or decree of any court in this Territory until ninety days after the date of the order, judgment or decree, within which time the mortgagor, or any one for him, may pay off the decree and discharge the mortgage and avoid the sale. And all real property which may be hereafter sold under any mortgage, mortgage deed, trust deed, or any other written instrument which may operate as a mortgage, by virtue of a power of sale contained in said mortgage, the mortgage deed, trust deed or other written instrument, or annexed to, or accompanying the same and which may not be sold under any order judgment or decree of any court, may be redeemed by the mortgagor, or his assignee or any other parties interested in the said real estate, by paying the purchaser, at such rate, or his assignee, the amount paid with interest at the rate of twelve per cent per annum at any time within one year after the date of such sale."

It is apparent that this statute was not in existence at the time the deed of trust and the bonds secured thereby, were executed and delivered by the company. It does not appear from the record upon what grounds the demurrer was sustained by the court below, as the ruling does not appear to have been reduced to writing, but from the briefs of counsel, it seems to be agreed, that the court held, that the redemption statute had no application to the trust deed and bonds in this case, the same not being in existence at the time the contract was entered into; or if ap-

plicable, it was void as impairing the obligation of the contract under which the property was sold. Counsel for appellant, in their able brief deny the correctness of both of these propositions and review at considerable length the authorities which counsel regard as supporting their contention.

In the case of Banitz v. Beverly, 163 U. S. 118, this question was before the court and was thoroughly considered. The court reviewed at length the former decisions of that court upon the subject, some of them being those cited and relied upon by appellant, and as a conclusion upon the first point raised,—namely—that a redemption statute governed by contracts entered into prior to its passage the court said:

"Without pursuing the subject further, we hold that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage." Shapleigh v. San Angelo, 167 U. S., 657; Bronson v. Kinzie, 1 How. 311; McCracken v. Hayward, 2nd. How. 608; Howard v. Buggbee, 23 How. 462; Green v. Biddle, 8 Whett. 75.

In Saivert v. Lewis, 122, U. S., 284, the court declared the settled doctrine of the court to be, that, "The remedies subsisting in a state when and where a contract is made and is to be performed, is a part of its obligation."

Under the doctrine laid down in the cases above cited, there was no error in the ruling sustaining the demurrer to the effect that the redemption law, relied upon by the appellant, was not applicable to this case.

From what has been said, it is not necessary to consider at length the question of whether or not the statute involved was void as impairing the obligation of the contract. Counsel for appellant urged that this statute relates wholly to the remedy, and where such is the case there can be no impairment of the obligation of the contract.

In the case of Barnitz v. Beverly, Supra., and the cases above cited, appear to be equally clear upon this

point also, and adverse to the contention of the appellant.

In the contract under consideration there are among others, the following provisions as to the title to be conveyed in case of foreclosure sale or sale under the power under the trust deed:

"And upon such sale said trustee or his successor, shall receive the proceeds thereof, and shall convey, by deed in fee simple, to the purchaser or purchasers, the property so sold, discharged of any trust hereunder; * * * * * * and the said mining company, party of the first part, covenants that all conveyances in fee of said lands and property above described, which shall be made by such trustee or his successor, in pursuance and due execution of the power of sale herein conferred, shall vest in the purchaser the absolute title to all the real estate and property in and by such instruments declared to be conveyed, and all recitals contained in all such deeds shall in all courts and places wheresoever the same may be offered in evidence, be taken as prima facie evidence of the truth thereof."

At the time this contract was entered into, there being no redemption statute in force, the purchaser had a right to demand and obtain a conveyance in fee simple by the trustee, of the property purchased, and the record discloses such conveyance to Mrs. Bremen. In the case of Barnetz v. Beverly, supra., the court said: "Where in a mortgage, an entire estate is pledged for the payment of a debt, with right to sell the mortgaged premises, free from redemption, can that be valid legislation, which would seek to substitute a right to sell the premises subject to an estate or right of possession in the debtor or his alienees for eighteen months?"

The court further says: "It is contended that the right to redeem granted by the new statute only operates on the purchaser and not on the mortgage as such." This very argument was foreseen and disposed of in Bronson v. Kinsey, where this court said:

"It, the new act, declared that although the mortgaged premises should be sold under a decree, yet the equitable estate of the mortgagor shall not be extinguished, but shall continue for twelve months after the sale; and

it moreover gives a new and like estate to the judgment creditors to continue for fifteen months; if such rights may be added to the original contract by subsequent legislation, it would be difficult to say at what point they must stop. An equitable estate in the premises may, in like manner, be conferred upon others; and the right to redeem may be so prolonged as to deprive the mortgage of the benefit of this security by rendering the property unsalable for anything like its value This law gives to the mortgagor and to the judgment creditors (meaning creditors other than the mortgagee an equitable estate in the premises, which neither of them would have been entitled to under the original contract; and these new interests are directly and materially in conflict with those which the mortgagee acquired when the mortgage was made. Any such modification of a contract by subsequent legislation, against the consent of any one of the parties, unquestionably impairs its obligations, and is prohibited by the constitution."

In this respect our redemption statute is substantially the same as that of the state of Kansas under consideration in the case last referred to, and in our opinion the language there used is equally applicable to this case.

In the case of McCracken v. Hayward, 2nd How. 608, 612, the court defines the rights and duties of the parties in such a case in the following forceful language, the same being approved in the later cases:

"The obligation of a contract consists in its binding force on the party who makes it. These are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party and the right acquired by the other, there can be no other standard by which to ascertain the extent of either, than that which the terms of the contract indicate according to their settled legal meaning. When it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. If any subsequent law affect to diminish the duty or to impair the right, it necessarily bears on the obligation of the

contract in favor of one party to the injury of the other; hence any law, which in its operation amounts to a denial or obstruction of the rights accruing by contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the constitution."

Again in Tennessee v. Sneed, 96 U. S. 69, the court said: "At all events the decisions of this court are numerous that the .laws which prescribe the mode of enforcing a contract which are in existence when it was made, are so far a part of the contract that no changes in this law which seriously interfere with that enforcement, are valid, because they impair its obligation within the meaning of the constitution of the Unted States."

Under the operation of the redemption statute if applicable to this contract, the purchaser could not obtain a conveyance provided for in the contract, and to that extent, at least, this law operates directly upon the contract, itself, and amounts to a substantial denial of the rights of the parties thereto.   It does not, therefore, relate to the remedy only as contended by the appellant. This assignment of error cannot be sustained.

The second error assigned, is, that the court erred in its order sustaining the motion of defendant Bremen to strike from the files the amended complaint of the plaintiff, filed March 11th, 1904.  The amended complaint is identical with the original, except paragraphs three (3) and four (4) of the original are omitted, and paragraphs three (3), four (4) and five (5) are substituted for them in the amended complaint.  The prayer of the amended complaint is essentially different.  The amended complaint omits those paragraphs which allege a tender of five thousand dollars, ($5,000.00) to the purchaser; the demand for conveyance of the property, and the possession to the plaintiff; the refusal by the purchaser, and that the plaintiff was willing and ready to bring the money into court in pursuance of the tender.  The prayer of the original complaint, that the plaintiff may be permitted to redeem and that the purchaser be compelled to reconvey the property and surrender possession to the plaintiff, or in case of refusal, the court shall convey, etc., is also omitted.

The paragraphs substituted allege substantially 'that

all of the bonds became due and payable December 6th, 1901; that an action accrued to the legal holder or holders of the bonds at that time; that no action was brought at that time nor within six years thereafter nor at any time, either for the foreclosure of the trust deed or for the recovery of the indebtedness. It is further alleged that all of the indebtedness and the right of foreclosure were barred by the statute of limitations; that the pretended sale by the trustee Allen, was without legal authority and the conveyance thereunder void, that the deed to Mrs. Bremen is a cloud upon the title of plaintiff who is thereby obstructed in the full, free and uninterrupted use and enjoyment of the same.

The prayer follows, that the deed of Allen, trustee, to Mrs. Bremen, be delivered up and cancelled; that the cloud on, plaintiff's title be removed; that defendants, Mrs. D. A. Bremen, Jacob Klein, and William L. B. G. Allen, be barred from asserting any title; and that the title to the property may be quieted in the plaintiff company.

"The motion to strike is based upon the ground that the amended complaint is inconsistent with the original complaint, and attempts to state a different cause of action from that set out in the original complaint, alleging that the original complaint recognizes the validity of the conveyances of the premises to the defendant, Mrs. D. A. Bremen, under the trustee's deed, and seeks redemption of the mortgaged premises under the redemption statute of New Mexico, whereas, the amended complaint setting up the statute of limitations, denies the validity of the conveyance, and asks that the same be declared void and the title to the premises, be quieted in plaintiff under Sections 4010-4014 of the Compiled Laws of New Mexico, 1897. The court sustained the motion to strike, evidently upon the ground that the amended bill set up a new and inconsistent cause of action and that this could not be done by way of amendment. Leave was given to amend further, within twenty days, but by reason of the failure of the plaintiff to amend within the time allowed, and motion of the defendant Bremen, the cause was dismissed and a final decree to that effect entered April 6th, 1904.

At common law, the court had no power to allow

Bremen Mining Co. v. Bremen.

the plaintiff to amend by introducing an entirely new and different cause of action, nor could the defendant amend by setting up a new defense founded upon a transaction entirely different from that stated in the plea. There has been some dispute of the latter proposition, but not of the former. Ency. Pl. & Pr. Vol. 1., p. 547, and cases cited.

Since the adoption of the code the rule of pleading provided by it, so far as applicable, must prevail in this Territory. "The code system is an entirely new system of pleading, it is not a modification of the common law method of pleading, nor is it a reproduction in a different form of equity pleading. The code furnishes its own rules for the construction of its pleadings and it is to be carried into effect according to its terms, and upon principles peculiar to itself." Ency. Pl. & Pr. Vol. 4, p. 558, and cases cited.

Sub-Section 81 provides that, "any pleading may be once amended by the party, of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served or at any time before the period of answering it, expires; * * * * Sub-Section 89, provides that "in every complaint, answer, or reply amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

Sub-Sections 60, 61, 62, of the code also authorize pleading over by amendment where a demurrer or motion to strike has been sustained to a pleading. All of the above provisions of the code are taken from the code provisions of the state of Missouri and are substantially identical, as to what the complaint shall contain, except, it is called a petition in the Missouri Code. As to the complaint, our code, sub-section 32 provided: "The complaint must contain: 1st. The title of the action, the name of the court and county in which the action is brought and the names of the parties to the action. 2nd. A statement of the facts constituting the cause of action in ordinary and concise language. 3rd. A demand for the relief which the plaintiff claims. If the recovery of the

money or damages be demanded, the amount thereof must be stated."

Sub-Section 33, provides that: "The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they arise out of:

"1st. The same transaction or transactions connected with the same subject of action." * * * *

Sub-Section 65 provides that, "Either party may allege any fact or title alternately, declaring his belief of one alternative or the other, and his ignorance whether it be the one or the other,"

This provision is also found in the Missouri code. It is familiar law that in adopting the Missouri statutes we also adopt the construction put upon them by the Supreme Court of that state.

Amendments are favored and should be liberally allowed in the furtherance of justice. House v. Duncan, 50 Mo. 453; Goddard v. Williamson, 72 Mo. 131; Collins v. Glass, 46 Mo. App. 275.

The code in relation to amendments to pleadings is liberal and the courts in relation to same should at least be as liberal as the statute. Car v. Moss, 87 Mo. 447; Collins v. Glass, 46 Mo. App. 275.

The effect of the statute is to inhibit amendments substantially changing the claim or defense on the trial, *but not before the trial.* Robertson v. Springfield, etc., R. Co. 21, Mo. App. 633; Parker v. Rose, 79 Mo. 88; Gibbons v. Steamboat, 40 Mo. 253.

In the cases last referred to the court had under consideration statutes identical with our code provisions above referred to, and another provision also identical with our own, providing that after trial amendments shall not be made substantially changing the cause of action. Before answer amendments are made as of course, and before trial, about the only limitation of the right of amendment seems to be that an entirely new and distinct cause of action will not be allowed, as, for instane, the changing of an action *ex contractu* into an action *ex delicto* or other cause based upon facts having no relation to the trans-

action set out in the original complaint.   Lumpkins v. Collier, 69 Mo. 170.

There is a distinction drawn by the authorities between such an amendment as is last above indicated and one which grows out of the same transaction and is substantially based upon the same facts, though different relief may be sought.

In the case of Holt County v. Cannon, 114 Mo. 514, the plaintiff brought suit to revive a former judgment. The judgment was set out; the fact that it was wholly unpaid and the prayer for the revival of the judgment.   A demurrer to the petition was interposed and sustained, whereupon the plaintiff, by leave of the court, amended his petition, setting up substantially the same facts, but prayed for a judgment for the amount of the former judgment and interest.   The defendants moved to strike the amended petition from the files, because it set up a new and different cause of action, but the court overruled the motion, and upon trial, rendered judgment for the plaintiff.   Upon appeal it was held that "the facts stated in the original and amended petition are the same.   The only difference is the relief sought.   The court committed no error in refusing to strike out the amended petition; but if it had the defendant having abandoned the motion by answering over, cannot insist upon it on appeal." Sauter v. Leveridge, 103 Mo. 615; Scovil v. Glassner, 79 Mo. 449; Lottman v. Barnett, 62 Mo. 159,

The case at bar seems to be on all fours with the case of Holt County v. Cannon, supra.   The parties are the same; the facts alleged are substantially the same, in that all of the allegations of the original complaint as to the trust deed and bonds, the sale under the power therein contained, and the conveyance sought to be affected are engrafted bodily into the amended complaint, the only new fact set up is that no suit had been brought to collect the debt or foreclose the trust deed within six years from the maturity of the bonds.   The prayer of the amended complaint is essentially different, in that, instead of praying for redemption of the property upon payment of the amount bid at the sale and interest, the prayer is that the trust deed and bonds be declared barred and

plaintiff's title quieted, and for general relief. It is not the prayer which constitutes the cause of action, it is the facts which authorize relief.

In the case of Box v. Chicago, R. I. & P. Ry. Co. 107 Iowa, 660 the court said: "Care should be taken not to confuse the term 'cause of action' as used abstractly and as used in pleading. In a general sense, the term means 'a claim which may be enforced.' Bucklin v. Ford, 5 Bard 393;

"It is a right which a party has to institute and carry through an action. Myer v. Van Collen, 28 Barb. 230;

"The right to prosecute an action with effect. Douglas v. Forrest, 4 Bing. 704."

Looking to these cases it will be seen that the term *cause of action* is used with no purpose to indicate the rule by which one cause of action may be distinguished from another, but merely with reference to the existence of a cause of action.

In Rodgers, v. Association, 17 S. C. 406, are the following query and answer: What is a cause of action? We must keep in view the difference between the subject of an action and the cause of action. The subject of an action was what was formerly understood as the subject matter of the action * * * * The cause of action is the right claimed or wrong suffered by the plaintiff, on the one hand and the duty or delict of the defendant on the other; and these appear by the facts of each separately."

In Hutchinson v. Ainsworth, 73 Cal. 452, the court in defining cause of action said: "The facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong, make up the cause of action."

Under these definitions, it cannot be contended, successfully, that an entirely new and distinct cause of action was set out by the amended complaint, as practically the same facts were set out in both. The trust deed and bonds which lie at the foundation of the action, are relied upon in both, and they would constitute substantially all of the proof necessary to a recovery under either the original or amended complaint. The mere fact of the allegation of

one or two additional facts, as a basis for a prayer for different relief, we deem immaterial, as it was one and the same transaction out of which the right of action arose. Section 33 provides for the uniting in one complaint of as many causes of action as arise out of the same transaction, or are connected with the same subject of action, and it would seem clear, that if all causes arising out of the same transaction or subject of action, can properly be united in the complaint, there can be no valid reason why a cause growing out of the same transaction, can not be added by way of amendment, at least before answer. It may be an additional cause of action to the extent that the statute of limitation if pleaded, would operate only from its filing and not be carried back to the original complaint, as was held in the case of Union Pacific Ry. v. Wyler, 158 U. S. 285, but even in that case the right of amendment under the Missouri code was recognized, notwithstanding the fact, that the court held it was a new cause of action and was a departure in pleading.

In the review which we have made of decisions of the court of last resort in states which have adopted the code system of pleading, it is found, that the right of amendment, before answer, and in some cases before trial, is recognized by the weight of authority, even to the introduction of a new cause of action in the interest of justice. Ency. Pl. & Pr. Vol. 1, 528-529-530.

It may be necessary to obtain leave of the court, and the court may impose terms, but the amendments are allowed that a trial may be had upon the merits without the necessity of bringing a new action upon an existing cause, as was frequently necessary at common law.

The prevailing doctrine is well stated in the case of Houston v. Slodge, et al., (N. C.) L. R. A. Vol. 2 p. 487, as follows:

"The action thus assumes a new form, being changed from one demanding specific performance to one for the recovery of the money agreed to be paid upon its recission, and the restoration of the lot which is a substitute for the surrendered claimed first made and asserted. Now, such a change is not such a departure from the code sys-

tem of pleading as necessary to defeat the action, and send the plaintiff out of court to pursue her remedy upon the rescinding agreement, for the vital and essential subject matter remains; and such an amendment accords with the new practice which, ignoring mere forms, aims to adjust and settle controversies about the same matter in a single action, when the other party is not misled to his injury and damage. * * * * Thus considered, the complaint aided by the subsequent pleadings presents the claim of the plaintiff in a twofold aspect: (1) A demand for title to be made by the devisee of the lot and alternatively for (2) a judgment of the court for expenses incurred, agreed, in lieu thereof, to be paid by the testator against his representatives. The first claim is abandoned, and the suit proceeds upon the second. Now, both grow out of one transaction, and there is not seen any reason why the controversy may not, when presented in proper form, be adjusted and settled in a single action."

The only limitation upon the right of amendment, to be drawn from a majority of the decided cases, is, that an entirely new and different cause of action founded upon facts wholly foreign to the transaction attempted to be set up in the original complaint, cannot be set up by amendment. Ency. Pl. & Pr., Vol, 1 548.

In the case now before this court the cause of action grew out of the same transaction, the parties are the same, and the facts are substantially the same, only the relief sought being different, it cannot be a new and different cause of action within the limitation above referred to.

At the time the motion to strike out the amended complaint was sustained, no answer had been filed by the defendant, therefore, the matter was disposed of purely as a matter of pleading, and without any regard to the merits of the case attempted to be set up in the amended complaint. From what has been said it follows that the court below erred in rendering a judgment dismissing the cause, as the motion to strike out the amended bill should have been overruled, and the cause be allowed to proceed in the usual course.

The judgment of the court below will therefore be reversed with direction to the court below to reinstate the

cause, overrule the motion to strike the amended complaint from the files and proceed in accordance with the views herein expressed. It is so ordered.

William J. Mills, C. J., Wm. H. Pope, A. J., Edward A. Mann, A. J.,and Ira A. Abbott, A. J., concur.

Parker, J., having tried this cause below did not participate in this decision.