Rogers v. Crawford, 22 N. M. 671.

---

[No. 1895.   May 19, 1917.]
## ROGERS v. CRAWFORD.

### SYLLABUS BY THE COURT.

1.   The filing of an amended pleading waives any error, other than jurisdictional, in sustaining a demurrer to the original pleading.                P. 674

2.   In every amendatory or supplemental pleading filed by a party, it is necessary for him to therein restate his entire cause of action, defense, or reply, and all matters set forth in his original pleading, and not carried forward into his amendatory or supplemental pleading, are abandoned.  P. 675

Error to District Court, Chavez, County; McClure, Judge.

Suit by A. J. Crawford against W. F. Rogers.  Judgment for plaintiff, and defendant brings error.  Affirmed.

See, also, 22 N. M. 365.

### ON MOTION FOR REHEARING.

W. E. Rogers, pro se, appellant.

Amendment did not waive ruling on defenses to which demurrer was sustained.

1 A. & E. P. & P., 624; Ingham v. Dudley, Admr. 14 N. W. 82; 31 Cyc. 746; Hagely v. Hagely, 9 Pac. 305; Fulsom v. Winch, 19 N. W. 305; Traveler's Ins. Co. v. Redfield, 40 Pac. 185; Scott v. Hallock, 47 Pac. 968.

Gibbany & Epstein of Roswell for appellee.

Everything not contained in amended pleading is abandoned.

A. & E. Enc. P. &. P. 626; Wells v. Applegate, 6 Pac. 776; Maxwell on Code pleading, 380; Fisher v. Scholte, 30 Iowa, 221; Township Board of Education v. Hackmann, 48 Mo. 243; Meyer v. Binkleman, 5 Col. 262; Tenant v. Pfister, 45 Cal. 250; Farrar v. Triplett, 7 Neb. 240.

Answering over waives all objections except to jurisdictional questions and that pleading fails to state cause of action or defense.

Pickering v. Miss. Val. Tel. Co., 47 Mo. 457; West v. McMullen, 112 Mo. 405; Board of Education v. Hackman, 48 Mo. 243; Jeff. City Sav. Inst. v. Morrison, 48 Mo. 273; Herman v. Glenn, 129 Mo. 325; Wilson v. St. Louis & S. F. R. Co., 67 Mo. App. 443.

### STATEMENT OF FACTS.

On August 22, 1908, James W. Reed and Martha Ann Reed made and delivered to the defendant, W. E. Rogers, three certain promissory notes in the sum of $2,000 each, at the same time executing a mortgage upon certain lands in Chaves county to secure · the payment of said notes. Shortly thereafter, before maturity and for a valuable consideration, the defendant, Rogers, by the indorsement of his name in blank on said notes and delivery thereof, assigned the same to the plaintiff, A. J. Crawford, who is defendant in error here. After the assignment of said notes and mortgage to Crawford by Rogers, Crawford loaned an additional sum to the said James W. Reed, taking as security a second mortgage on the same land, and acquired certain other outstanding liens upon the said real estate. The three notes referred to and secured by the first mortgage were not paid at maturity, and at the time of the bringing of this suit were long past due, and this suit brought by plaintiff, Crawford, sets up three causes of action predicated upon the three notes, and the suit was instituted against said Rogers as defendant, without seeking the foreclosure of the said first mortgage. The notes sued upon waived demand, protest, and notice of nonpayment if not paid at maturity and provided for 10 per

cent. of the amount for attorney's fees if the notes were placed in the hands of an attorney for collection.

The complaint alleged that the makers of the three promissory notes had removed to the state of Texas and were at the time of the filing of this suit insolvent. The defendant answered, setting up: First that the makers of the notes were not insolvent; that the plaintiff had taken no steps to enforce any liability against the makers of said notes and had not instituted proceedings for foreclosure of the mortgage and praying that the plaintiff be required to foreclose and enforce the collection of the notes by virtue of the primary security; and for a further and second defense by way of new matter, defendant set up that, after the plaintiff had acquired the notes sued upon, he had advanced a loan upon the same land, taking security therefor by way of a second mortgage and had, in addition, secured various other claims or liens, by reason of which facts he had entered into an agreement, the nature of which was to the defendant unknown, with the said James W. Reed and wife, whereby he holds an instrument purporting to be a deed on said property, in consideration of which he had released said James W. Reed and wife from any indebtedness whatever on the account of the claims sued upon. It was further alleged that the defendant, without the knowledge or consent of plaintiff, had extended the maturity of the notes which he might have enforced the collection thereof, during which time the market value of the lands had declined until they were not worth 50 per cent. of what they would have brought at the time of the maturity of said notes. The third defense is similar to the second, and alleged again the advancing of divers sums of money to the makers of the notes, the taking of subsequent liens on said lands, and by reason of such conditions that plaintiff had delayed to proceed against the makers of said notes, or to undertake to foreclose the said mortgage for a period of more than four years after the maturity of the said notes, but that by reason of such long delay said property depreciated in value and was neglected and virtually abandoned; all being to the damage and detriment of the defendant. To these several defenses a demurrer was interposed,

which was sustained by the trial court as to the answer of the defendant to plaintiff's three causes of action, and was further sustained as to the defendant's first and third answer by way of new matter, but was overruled as to the defendant's second defense by way of new matter. The essential error, and the only material one, presented for our consideration, is based upon this action of the trial court in sustaining the demurrer to the defendant's answer, for which reason we do not need to further state the facts of the case. Judgment was given for the plaintiff for the amount of the three several notes, with interest and attorney's fees, as stipulated in the notes, from which judgment this writ of error was sued out.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). [1] The bill of exceptions having previously been stricken on motion, we have left for consideration but the first three assignments of error, which are predicated upon the court's action in sustaining plaintiff's demurrer to the defendant's answer, and the three assignments of error complained of this action on the demurrer upon different grounds. We find, however, that the defendant after the demurrer was sustained filed an amended answer and later a second amended answer. For this reason, he has lost his right to be heard upon these matters in this court. It has been held that the filing of an amended pleading waives any error, other than jurisdictional, in sustaining a demurrer to the original pleading. 31 Cyc. 744; Bremen M. & M. Co. v. Bremen, 13 N. M. 111, 79 Pac. 806.

For the reasons stated, the judgment of the district court is affirmed, and it is so ordered.

PARKER and ROBERTS, JJ., concur.

### ON MOTION FOR REHEARING.

HANNA, C. J. The plaintiff in error in his motion for rehearing raises the point that this court, in its opinion, has overlooked the exception to the general rule upon which the opinion in this case was based, contending that he comes

under the exception to the rule, which is ,as stated in the case of Ingham v. Dudley, 60 Iowa, 16, 14 N. W. 82, that:

"Where an answer is held bad on demurrer, the defendant does not waive his exception to the rulings on the demurrer by amending his answer so as to set up new defenses."

In other words, a waiver occurs only where the amendment is designed to supply an omission or a cure a defect pointed out by the demurrer.

[2] On re-examination of the question we find that the demurrer did not attack the defense of the unreasonableness of the attorneys' fees. In this the plaintiff in error, in his motion for rehearing, is correct, but his contention in this respect avails him nothing by reason of the fact that he is confronted with an apparent abandonment of this defense owing to the fact that in his amended answer and his second amended answer he has nowhere set out the defense with respect to the attorney's fees, and must now be held to have abandoned the same. This court has held in Pople v. Orekar, 22 N. M. 307, 161 Pac. 1110, that:

"In every amendatory or supplemental pleading filed by a party, it is necessary for him to therein restate his entire cause of action, defense, or reply, and all matters set forth in his original pleading, and not carried forward into his amendatory of supplemental pleading, are abandoned."

For the reason stated, the motion for rehearing is denied; and it is so ordered.

PARKER and ROBERTS, JJ., concur.

### SYLLABUS BY THE COURT.

