## DŒBLER *vs.* WATERS.

1. The bill of exceptions must affirmatively disclose the error assigned.
2. A promise to pay money is without consideration, and will not be enforced when the reason for giving it is not to recover damages resulting from the failure to perform a contract, but to prevent the failure by a penalty.

Assumpsit, in Gwinnett Superior Court. Tried before Judge Hutchins, at September Term, 1859.

This was an action of Assumpsit brought by Valentine S. Dœbler against Thomas J. Waters, as drawer upon the following draft or bill, viz :

$500 00.          Philadelphia, Oct. 22d, 1856.

On the first day of December, 1856, pay to the order of Valentine S. Dœbler, five hundred dollars, and charge to account of                    Thomas J. Waters.

To Mr. Jesse L. Leach, Williamsport, Lee Co., Penn.

· Defendant pleaded the general issue.

Upon the trial, plaintiff offered in evidence the above bill, the foundation of the action. He then offered in evidence an agreement between plaintiff and defendant, in relation to the purchase of certain personal property executed in the State of Pennsylvania. Plaintiff proposed to prove defendant's signature thereto by proof of his hand-writing. To which, counsel for defendant objected, upon the ground that the *execution* of the agreement was not sufficiently proven by proof

Dœbler *vs.* Waters.

of the hand-writing of defendant. The Court sustained the objection, and counsel for plaintiff excepted.

Plaintiff then read in evidence the depositions of Jesse L. Leach, (the drawer of said bill,) who testified that at the time said bill was drawn, he had no funds of the drawer in his hands, nor had he had any since, neither was he indebted to defendant at the time, or at any time since. The consideration of the bill sued on was as follows: In the Fall of 1856, plaintiff and defendant entered into a contract in the City of Philadelphia, by which plaintiff was to deliver to defendant certain furniture, the value of which was about four thousand dollars; defendant was to pay a part in cash and the balance on the 10th of January, 1857, to be secured by bond and mortgage on real estate in Williamsport, Lycoming county, Pennsylvania, for which he was negotiating. This real estate was a hotel and the appurtenances. The furniture aforesaid was in this hotel. Plaintiff was ready to fulfill his part of the contract. Waters then gave this draft to bind the bargain, to be forfeited in the event that he did not fulfill his part of the contract; in case he did fulfill the contract on his part, the draft was to be applied towards liquidating the first payment. He had no funds of Waters' in hand at the time; but he promised to put funds in the hands of witness sufficient to meet the draft. He failed to comply with his part of the contract. The day after the making of said contract and drawing said bill, Waters returned to Georgia, and never remitted any money to meet the draft. Witness says, he induced defendant to draw the draft as an earnest of the bargain; was present when it was drawn and assented to it; did persuade defendant to make the trade, because he had stated that he wished to invest some money in the free States for the benefit of his wife and children, and witness considered that this would be a good investment for him. In the event that the bargain was completed, witness was to take charge of it for defendant, and this was the only interest witness had in the matter. Don't think defendant was intoxicated when he drew the draft.

Here plaintiff closed. Defendant introduced no testimony.

The jury, under the charge of the Court, found for the defendant. Whereupon plaintiff moved for a new trial upon the following grounds:

1st. Because the verdict was contrary to law and evidence and the charge of the Court.

2d. Because the Court erred in rejecting the agreement between plaintiff and defendant.

3d. Because the Court erred in charging the jury that a forfeiture could not be recovered.

4th. Because the Court erred in charging the jury "that the general rule was that notice of non-acceptance or non-payment by the drawee must be given, in order to bind the drawer of a bill, when he was in the habit of drawing, or had reason to expect that his draft would be honored, or when he had funds or a running account with the drawee, or the drawer was present at the drawing of the bill, and assenting thereto.

5th. Because the Court erred in charging that when there were mutual obligations or undertakings, there must be a tender or offer to perform before an action will lie for a breach or refusal to perform.

6th. Because the Court erred in charging the jury hypothetically, who were misled by said charge.

The Court refused the motion for a new trial, and plaintiff excepted.

CLARK & LAMAR, and PEEPLES, for plaintiff in error.

HULL & HILLYER, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. There is not enough in the bill of exceptions to show that any error was committed in rejecting the written agreement; and error must affirmatively appear. It is obvious that the bill of exceptions does not disclose the real ground on which the agreement was rejected. The opinion of the Judge refusing a new trial supplies the deficiency, but does not show error; for from that it appears that there was a *subscribing witness* to the instrument. Of course the paper could not go in evidence without resorting to him or accounting for him.

2. One additional view disposes of the whole case. The question is not whether the main contract which the plaintiff and defendant made, is binding or void, but whether this particu-

Dœbler *vs.* Waters.

lar part of it, the draft, can be enforced.   The test is, was it a real element of the contract, or was it in truth but an exterior appendage to it—a *clasp* to bind it?   If the former, it is meritorious and ought to be enforced; if the latter, it is a mere forfeit *without consideration,* and therefore not to be enforced.   A contract without consideration will not be enforced, and so any part which can be separated from the rest and shown to be without consideration, will not be enforced. Want of consideration is the foundation of the doctrine that a forfeit cannot be enforced.   In this case, there is no consideration, either of advantage to the one or of disadvantage to the other, on which this draft was given.   The only evidence on that subject is that it was given *as a forfeit to bind the bargain*—the bargain being *complete* on each side, this provision was superadded as a clasp to bind it.   It was added, not to cover damages which the plaintiff might sustain by reason of a failure to perform the contract, but as a penalty, the prospect of which would prevent a failure.   It is easy to imagine, and it may be true in point of fact, that damage resulted to the plaintiff from the defendant's failure to perform, but the question is, was this draft intended to cover such damage?   The witness says not.   He says the intention of it was not to repair the injury of a failure, but to prevent a failure.

Judgment affirmed.