## KEYES, GUARDIAN, v. MANN ET AL.

1. **Promissory Note**: FAILURE OF CONSIDERATION: WAIVER OF BY GIVING NEW NOTE. Where a promissory note was given for part of the purchase-price of land, and after five years suit was brought upon the note by the payee's administrator, and the maker then claimed that there was a shortage in the land, and that he had paid for all the land he had got, and he was advised that then was the time to plead such shortage as a defense, which, however, he failed to do, but settled the suit by giving a new note, thereby gaining time, *held* that he could not be heard to plead such defense to the new note so given, and that judgment was properly rendered thereon against him.

*Appeal from Cass District Court.*

TUESDAY, JUNE 3.

THIS action was brought to obtain a judgment against the defendant, Reesman, upon a promissory note, and to foreclose a mortgage given by him to secure the same. He admits the execution of the note and mortgage, but avers that they were given for a farm purchased by him of one John Keyes, in 1871, at $40 per acre; that the farm was supposed to contain four hundred and thirty-five acres, but in fact contains only four hundred and eleven acres; that the note and mortgage were executed for too large an amount; that he has paid all that is really due, and more too; and asks judgment cancel-

ing the note and mortgage. There was a judgment for the plaintiff for the amount claimed, and for a foreclosure of the mortgage. The defendants appeal.

*L. L. DeLano*, for appellants.

*Temple & Phelps*, for appellee.

ADAMS, J.—The plaintiff, Sophia A. Keyes, is the widow of John Keyes, deceased, and guardian of her daughter, Cornia P. Keyes. The note in suit was given to Sophia A. Keyes, as such guardian, for a note previously executed by the defendant, Reesman, to John Keyes. It appears that an action was brought on the original note by the administrator of John Keyes. Reesman claimed at that time that there was a shortage in the land, and he was advised that that was the proper time to set up such fact, if he intended to. He did not, however, set it up, but settled the suit by giving the note now sued on, and gained additional time. Whether he was actuated in part by the idea that his own testimony would be inadmissible in that action, but would not be in an action that might be brought upon the new note, does not appear, nor is it material. Whether we regard the defense as a plea of partial failure of consideration, or of a mistake, we have to say that we think that it cannot be sustained. Reesman went into the transaction with his eyes open. It is true, he claims that he did not know for a certainty what the quantity of the land was. But, as he made a new note to a new party, and stipulated for additional time, it was his business to know. More than five years had elapsed since the first note was given, and the matter of shortage had been brought expressly to his attention. Under the circumstances shown, it appears to us that we must regard the consideration as the surrender of the original note, and without any such mistake as entitles him to equitable relief. Reesman's position is that he gave the note with the intention of not paying it in full; and with the intention of defending against it if sued upon it. But the

assistance of courts cannot properly be invoked in aid of such intention.

We will say further that we are inclined to think that the evidence fails to show that there was any shortage. But, having reached a conclusion upon other ground, which is decisive of the case, it is not necessary to go into this question.

AFFIRMED.