# NORTHERN LIBERTY MARKET COMPANY *v.* KELLY.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted January 5, 1885.—Decided January 19, 1885.

A market-house company, incorporated for twenty years, with power to purchase, hold and convey any real or personal estate necessary to enable it to carry on its business, built a market house on land owned by it in fee simple, and sold by public auction leases for ninety-nine years, renewable forever, of stalls therein at a specified rent. The highest bidder for one of the stalls gave the corporation several promissory notes in part payment for the option of that stall, received such a lease, and took and kept possession of the stall ; and afterwards gave it a note for a less sum, in compromise of

the original notes, and upon express agreement, that if this note should not be paid at maturity, the corporation might surrender it to the maker, and thereupon the cause of action on those notes should revive: *Held,* That the new note was upon a sufficient legal consideration ; and that the corporation, holding and suing upon all the notes, could recover upon this note only.

This was a writ of error to reverse a judgment for the defendant in an action brought on April 4, 1884, by a corporation formed for the purpose of erecting a market-house in the city of Washington and carrying on a marketing business there, upon twenty promissory notes made by him to the plaintiff, dated January 1, 1875, for $171.05 each, two payable in fifty-two months, two in fifty-eight months, two in sixty-four months, and two at the end of each succeeding six months, the last two being payable in one hundred and six months after date, and all bearing interest at the yearly rate of eight per cent. ; also upon a promissory note made by the defendant, dated August 5, 1881, for $1881.60, payable in ninety days after date; and upon a promissory note, dated March 11, 1881, for $394.08, made by one William S. Cross, and guaranteed by the defendant, and payable in sixty days after date ; each of the last two notes bearing interest at the yearly rate of six per cent.

The judgment was rendered upon a case stated by the parties, in substance as follows :  The plaintiff is and since May 18, 1874, has been a corporation, duly incorporated under the general incorporation act in force in the District of Columbia, Rev. Stat. D. C. §§ 553–593, by which it became a corporation for twenty years, and capable of suing and being sued, and of taking, holding and conveying any real and personal estate necessary to enable it to carry on its business.   On January 1, 1875, being the owner in fee of a parcel of land in the city of Washington, and having built a market-house thereon, it offered for sale by public auction leases for ninety-nine years, renewable forever, of the stalls in the market-house, at a specified rent, the highest bidder being entitled to his option of the stalls. ·  At the sale the defendant was the highest bidder for a stall, and made and delivered to the plaintiff, in part payment

of the purchase money for the option of that stall, the twenty notes for $171.05 each, and afterwards received from the plaintiff such a lease of that stall, and took and has since retained possession of the stall under the lease. On August 5, 1881, the defendant, with full knowledge of the foregoing facts, including the fact that by the terms of incorporation the plaintiff's corporate existence was limited to twenty years, made and delivered to the plaintiff the note for $1881.60, in compromise of the twenty original notes, and upon express agreement that, if this note should not be promptly paid at maturity, the plaintiff might surrender it to the defendant, and thereupon the plaintiff's cause of action upon the original notes should revive. The note for $394.08 was made by Cross and guaranteed by the defendant under like circumstances, and in consideration of the surrender of two other notes similar in amount and consideration to the twenty notes before mentioned. All the notes in suit remain unpaid, otherwise than by the giving of the note for $1881.60, and all are still held by the plaintiff.

*Mr. R. T. Merrick* and *Mr. J. J. Darlington* for plaintiff in error.

*Mr. James G. Payne* for defendant in error.—The corporate existence of the company being limited to twenty years, the company was without power to make a lease for ninety-nine years with renewals. There was an entire failure of the consideration for which the original notes were given, the undertaking of the plaintiff being absolutely void. *Thomas* v. *Railroad Co.*, 101 U. S. 71. This disposes of the claim on the original notes. As to the note alleged to have been given in compromise, it was given and accepted upon the express agreement that if not promptly paid at maturity the plaintiff might surrender it to the defendant, and its cause of action upon the original notes should thereupon immediately revive. The plaintiff sues upon the original cause of action. This disposes of that claim. If it be claimed that the new note was a renewal of the original debt, we answer that as a renewal it would be open to the same objection of want of

legal consideration. *Merrifield* v. *Baker*, 9 Allen, 29, 34 ; *Pearce* v. *Railroad Co.*, 21 How. 441. The same considerations apply to the notes upon which the defendant is sued as guarantor.

Mr. Justice Gray delivered the opinion of the court. He recited the facts as above stated, and continued :

The plaintiff insists that the original notes were valid, because a corporation, empowered to hold and convey real estate for the objects of its incorporation, may convey an estate in fee or any less estate in lands which it has purchased, and may therefore make a valid lease of them for any term of years, though extending beyond the limit of its corporate existence. But it is unnecessary to express a definitive opinion upon that point, because it is agreed in the case stated that the defendant gave, in compromise of the original twenty notes for $171.05 each, the new note for $1881.60. If the plaintiff had exceeded its corporate powers in making the original contract, yet it had authority to compromise and settle all claims by or against it under that contract. *Morville* v. *American Tract Society*, 123 Mass. 129. The compromise of the disputed claim on the original notes was a legal and sufficient consideration for the new note. *Cook* v. *Wright*, 1 B. & S. 559 ; *Tuttle* v. *Tuttle*, 12 Met. 551 ; *Riggs* v. *Hawley*, 116 Mass. 596. By the terms of the agreement of compromise, the plaintiff's cause of action on the original notes was not to revive, in case of the new note not being paid at maturity, except upon the surrender of this note to the defendant. The plaintiff, not having surrendered it, but holding and suing upon it as well as upon the original notes, has not performed the condition on which the revival of the right of action on the original notes depended.

It follows, that the plaintiff cannot recover in this action on the original notes for $171.05 each, but is entitled to recover on the new note for $1881.60, and also, for like reasons, on the note for $394.08, made by Cross and guaranteed by the defendant.

*Judgment reversed, and case remanded with directions to enter judgment for the plaintiff on the twenty-first and twenty-second counts.*