## TOLLMAN v. QUINCY.

(Circuit Court, S. D. New York. March 14, 1904.)

1. ACCOMMODATION NOTE—DIVERSION—HOLDER FOR VALUE.

   Where defendant's note was transferred to plaintiff before maturity in settlement of a pending suit, plaintiff's counsel being told that it had been given by the maker to the payee in settlement of an account between them, plaintiff was a bona fide holder for value, and it was therefore no defense that the note was accommodation paper, or that it had been diverted.

Howard R. Bayne, for plaintiff.

Wellman & Gooch (Sumner B. Stiles, of counsel), for defendant.

HOLT, District Judge. The defendant alleges in his answer that the note in suit was given to Bates "to enable him to effect a settlement of the said suit of the plaintiff against the said Bates." He testified on the trial, in substance, that he gave Bates the note to be used, if necessary, during his absence in Europe, to renew certain joint obligations on which both their names appeared, and that he knew nothing about the proposed use of the note to settle a debt of Bates until after its delivery. The general rule is that admissions in a pleading cannot be contradicted by testimony. Assuming, however, that this note was

either an accommodation note or a diverted note, I think the plaintiff is a bona fide holder, before maturity, for value. It was transferred in settlement of a pending suit, and was therefore transferred for value within the meaning of that term in commercial law. Northern, etc., Co. v. Kelly, 113 U. S. 199, 5 Sup. Ct. 422, 28 L. Ed. 948; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Oates v. National Bank, 100 U. S. 239, 25 L. Ed. 580; Railroad Co. v. National Bank, 102 U. S. 39, 26 L. Ed. 61; American File Co. v. Garrett, 110 U. S. 288, 4 Sup. Ct. 90, 28 L. Ed. 149; Rector v. Teed, 120 N. Y. 583, 24 N. E. 1014; T. N. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094. The proof is that the plaintiff had no knowledge that the note was an accommodation note or that it had been diverted. His counsel was told that it had been given by Quincy to Bates in settlement of an account between them.

I think that the agreement of settlement between Tollman and Bates constitutes no defense. The effect of the agreement was, in my opinion, that, if the note were not paid at maturity, the plaintiff had an election, either to go on with the original suit, or to enforce payment of the note. It is not the correct construction of the agreement, as I regard it, that Bates or Quincy, or both, could elect not to pay the note, and that thereupon the plaintiff was left with no other remedy except to go on with the original suit. There was no reason why Tollman should have taken Quincy's note at all, if it could not be enforced.

My conclusion is that the plaintiff is entitled to judgment for the amount demanded in the complaint, with costs.