Armijo v. Henry.

---

[No. 1144, February 27, 1907.]

PERFECTO ARMIJO, et al, Appellees and Cross Appellants, v. J. A. HENRY, et al, Appellants and Cross Appellees.

### SYLLABUS (BY THE COURT).

1. Where two parties enter into an agreement concerning the sum of money due from one to the other, and a note is given for the amount agreed upon, such note is not void for failure of consideration, in whole or in part, where there was no fraud or mistake, and where each of said parties had

Armijo v. Henry.

same means of ascertaining the validity of the amount claimed by the payee in the note.

2. A note given to settle the amount claimed to be due on a tax sale certificate, afterwards ascertained to be void, is not a usurious contract, although the three per cent penalty provided by statute is included in said note, neither party at the time intending to give or take a rate of interest greater than that provided by law.

3. The rule for computing and applying partial payments known as the Massachusetts Rule, is the proper rule in this Territory.

4. In a suit in equity, where a foreclosure of a deed of trust is sought, the note secured by which provides for an attorney's fee of ten per cent in case of suit, it is not error for the court to allow such attorney's fee, the note and deed of trust being executed at the same time by the same parties and in the furtherance of the same general object.

Appeal from the District Court for Bernalillo county before IRA A. ABBOTT, Associate Justice. Reversed.

H. B. FERGUSSON, for Appellants.

Essential elements of usury are a contract between the parties in which contract usury is contracted for and an intent to violate a usury statute. Parsons on Contracts, pp. 107-114 ˑ 27 Am. and Eng. Enc. of Law (1st Ed.) 920-925.

Alleged mistake must be pleaded. 14 Enc. of Pl. and Pr. 41, note 1; 1 Daniel Chan. Pl. and Pr., 5th Ed., 669, note 6.

A statutory right may be waived, 9 Cyc. 480, note 24; Shuttle v. Thompson, 15 Wall. 151.

Equity has jurisdiction to reform a contract in only two instances, where reduced to writing it fails to embody the contract as agreed upon in some material point or where the party asking for reformation was the victim of fraud, concealment or misrepresentation at the hands of the other party. Pomeroy's Eq. Jur., sec. 1376, cited in 20 Am. and Eng. Enc. of Law, 713-714, note 3.

Mistake must be of a material fact. 20 Am. and Eng. Enc. of Law, 2nd. Ed. 812 and note 5; 2 Pomeroy Eq. Jur., sec. 856, 2nd. Ed.; Grimes v. Sanders, 93 U. S. 55.

Mistake must be free from negligence on part of party asking reformation. Grimes v. Sanders, 93 U. S. 55; 20 Am. and Eng. Enc. of Law, 831, notes 5 and 10; 2 Pomeroy Eq. Jur., sec. 856, 2d Ed.; Enc. of Pl. and Pr. 781; Diman v. Providence, etc. R. Co., 5 R. I. 134.

Equity will not reform a contract for a mistake of law. 20 Am. and Eng. Enc. of Law 816.

Contracts made in compromise and settlement of controversies between parties will not be reformed. 2 Pomeroy's Eq. Jur., secs. 850 and 855, 2d Ed.; Grimes v. Sanders, 93 U. S. 55.

All the facts constituting the grounds upon which relief is sought by the reformation of a contract must be distinctly alleged and proved. 14 Enc. Pl. and Pr. 39-45.

Interest must be paid before any part of the principal is paid when the court is making the application of payments. Hart v. Dorman, 50 Am. Dec. 285, note; 16 Am. and Eng. Enc., 2d. Ed. 1035 and 1037; 2 Am. and Eng. Enc., 2d Ed. 45-7, note 5, p. 434 et seq., 467, note 1.

A compromise made in consideration of an unenforceable claim, which both parties believe at the time to be enforceable is based on sufficient consideration. 10 Century Digest, 987, sec. (b) citing Switzer v. Heasley, 41 N. E. 1064; 8 Cyc. 512, note 33, note 34 and citations, 532, note 27, 531; Cooley v. Calaveras County, 121 Calif. 482, 53 Pac. 1075; Bank v. Daniels, 12 Pet. 32; Hennesy v. Bacon, 137 U. S. 78; Grandin v. Grandin, 9 Atl. 756; Grimes v. Sanders, 93 U. S. 55.

SUMMERS BURKHART and W. B. CHILDERS, for Appellees.

Partial failure of consideration can always be shown between the immediate parties. 4 Am. and Eng. Enc., "Bills and Notes", 195; 1 Daniels on Negotiable Inst., sec. 201; The Collins Iron Co. v. Burkam, 10 Mich. 283; Parish v. Stone, 14 Pick. 198, 25 Am. Dec. 378; Loring v. Sumner, 23 Pick. 98; Guild v. Belcher, 119 Mass. 257; Bricoe v. Kinealy, 8 Mo. App. 67; Doebler v. Waters, 30 Ga. 344.

Want of consideration is a good defense to a suit on

the mortgage.. 1 Jones on Mortgages, secs. 612, 613, 616; Wearse v. Peirce, 24 Pick. 141; 2 Jones on Mortgages, secs. 1297, 1490.

An agreement for forbearance will not support a promise to pay an additional sum which added to the indebtedness the enforcement of which is forborne, would make the total indebtedness usurious. Burnhisel v. Firman, 22 Wall, 177; Patterson v. Birdsall, 21 Am. Rep. 209, 64 N. Y. 294; 29 Am. and Eng. Ency. of Law 513, 514; 6 Am. and Eng. Ency. 754-756; Fowler v. Equitable Life Ins. Co., 141 U. S. 384; 29 Am. and Eng. Ency. 494 and cases cited, 460, 383, 384; White v. Friedlunde, 35 Ark. 52; Mitchell v. Daggett, 1 Fla. 356; Withe v. Green, 2 N. H. 333; Krause v. Pope, 78 Texas 478; McBroom v. Scottish Investment Co., 153 U. S. 318; Milligan v. Cromwell, 3 N. M. 557.

The United States Rule was the correct rule in this case and is generally recognized as correct in equity. Hart v. Dorman, 50 Am. Dec. 285 and note.

The court will direct payment to be applied in such manner as to afford the debtor the greatest relief from the pressure of his obligation. U. S. v. Livingston, 13 Peters 359; 2 Am. and Eng. Enc. 452, 454 and cases cited; Cremer v. Higginson, 1 Mason 323, Fed. Cases No. 3383; Jones v. U. S., 7 How. 681; National Bank v. Mechanics Nat. Bank, 94 U. S. 437; Pope v. Transparent Ice Co., (Va.) 20 S. E. 940; Harker v. Conrad, 12 Serg. & R. 301.

The allowance of attorney fees in the foreclosure of a mortgage is wholly a matter of contract and can only be enforced where the contract provides for it and where the suit is necessary. 1 Jones on Mortgages, sec. 359; 2 Jones on Mortgages, sec. 1606; Sichels v. Carrollo, 42 Calif. 508; Edrington v. Jefferson, 53 Ark. 455, 14 S. W. 104; Bynum v. Frederick, 81 Ala. 489, 8 So. 198; Thomas v. Jones, 84 Ala. 302, 4 So. 270; Boob v. Hall, 107 Calif. 160, 40 Pac. 117; Moore v. Gregory, 13 Neb. 563, 14 N. W. 535; Mulcahy v. Strauss, 151 Ill. 70, 37 N. E. 702; Burns v. Scoggins, 16 Fed. 734, 9 Sawy. 73; Lewis v. Germania Sav. Bank, 96 Pa. St. 86; Alexandrie v. Sally,

Armijo v. Henry.

14 La. Ann. 327; Nat. Sav. Fund & Bldg. Asso. v. Waters, 141 Pa. St., 21 Atl. 666; Soles v. Sheppard, 99 Ill. 616; Myer v. Hart, 40 Mich. 517, 29 Am. Rep. 553; Clark v. Jones, 93 Tenn. 637, 27 S. W. 1009, 42 Am. St. Rep. 931; Wilson v. Ott, 173 Pa. St. 253, 34 Atl. 23, 51 Am. St. Rep. 767; Bynum v. Frederick, 81 Ala. 489, 8 So. 198; Rafferty v. High, 41 Pac. 489; Lee v. McCarthy, (Cal.) 35 Pac. 1034; Clemens v. Luce, (Cal.) 35 Pac. 1032; Sainsevain v. Luce, (Cal.) 35 Pac. 1033; Chase v. High, (Cal.) 35 Pac. 1035; Cooper v. McCarthy, (Cal.) 36 Pac. 2; San Diego Savings Bank v. Lowenstein, (Cal.) 36 Pac. 387; Barnett v. Mulkins, (Cal.) 40 Pac. 115; Bank v. Tuttle, 5 N. M. 432-433; 4 Am. and Eng. Enc. of Law, 101-102.

Under a statute like ours the Appellate Court has authority to go beyond the mere reversal and render such a decree as should have been rendered by the court below on the whole case as shown by the record. Potter v. Beal, 50 Fed. 860 (Circuit Court of Appeals).

## STATEMENT OF FACTS

On May first, 1895, Perfecto Armijo and wife executed to Alonzo C. Henry their promissory note for $3,000.00, due in one year from date, with twelve per cent. interest from maturity, and ten per cent additional for attorney's fees in case of legal proceedings to enforce collection. This note was secured by a deed of trust, in which J. A. Henry is named as trustee, executed by the same parties, on the west half of block 7 of the Francisco Armijo y Otero addition to the town of Albuquerque.

On June seventh, 1896, Armijo and wife executed another note for $500.00 to said A. C. Henry, payable one year after date, with interest at twelve per cent. per annum from maturity, which also provided for an additional sum of ten per cent. on the amount found due in the event of a suit to collect the note or any part thereof. This note was also secured by a deed of trust on the same property, and in which J. A. Henry is named as trustee.

On April third, 1897, Armijo and wife executed another promissory note for the stated consideration of $2029.60 to A. C. Henry, due six months after date, with

interest at twelve per cent. per annum after date, and with a provision that if not paid at maturity, and collected by an attorney or by legal proceedings, an additional sum of ten per cent. on the amount as attorney's fees might be collected.

All of these were endorsed without recourse by A. C. Henry, and the said J. A. Henry is the legal owner and holder of said notes.

Each of the trust deeds mentioned were duly executed, acknowledged and recorded.

The last note mentioned was given to clear up some tax sale certificates held by J. A. Henry, and others, and the consideration for such note was the amount of such tax sale certificates, including the costs of the tax sale and three per cent. per month from the date of such sales up to the date of the note.

One of the tax sale certificates was bought by Henry from one G. W. Johnston, on April third, 1897, for which said Henry paid said Johnston the sum of $444.00, that being the amount of the tax sale certificate, with three per cent. per month interest from the date of sale.

It is conceded that there were irregularities in the publication and sales represented by these tax sale certificates, and that such tax sales were in fact void; it is not shown, however, that these facts were known to either Armijo or Henry at the time the last named note was given, but it does appear that both of them at that date believed the tax sales to be valid liens against the property of Armijo, including the property covered by the deeds of trust heretofore mentioned. At the time this note was given, Henry had brought suit to foreclose the two first mentioned deeds of trust, and the foreclosure suits were still pending in the District Court, although they were subject to dismissal for failure on the part of Henry to file copies of the notes and deeds of trust with his complaint in that case.

In April, 1898, Perfecto Armijo and wife signed a warranty deed to the premises described by these deeds of trust in which J. A. Henry was named as grantee, which deed was placed in escrow in the hands of one J. M. Moore,

to be delivered to Henry under certain conditions, which conditions were never fulfilled. Henry, however, obtained possession of this deed and had it recorded.

On June 14th, 1899, J. A. Henry, as trustee in said deeds of trust, and being then the owner of all the indebtedness secured thereby, sold the property at trustee's sale, after advertisement, and at said sale the property was bid in for him, but no deed was ever executed to carry the sale into effect, nor has he or any other person ever claimed title to the property in controversy by reason of such sale.

The property was leased by Armijo to the City of Albuquerque and used as a City Hall; considerable rent was collected at the rate of $75.00 per month, and later at the rate of $45.00 per month, the last lease being made by Henry after the Armijo lease expired. Considerable sums of money were also paid out by Henry for taxes and insurance upon the property, and some money for repairs. The money so received for rents was, by the Trial Court, credited to Armijo as of the dates received, upon the notes in question, under what is known as the Massachusetts Rule, or United States Rule, of computation and application of partial payments; and upon the amounts paid out by Henry for taxes, insurance and repairs, the court allowed him interest at the rate of twelve per cent. from the time said sums were so paid.

On May first, 1901, Armijo and wife conveyed the property in controversy to Alfredo J. Otero by warranty deed, subject to the liens of Henry on said premises.

Several suits were pending between Armijo and A. C. and J. A. Henry, and the interpleader filed by the City for rents held by it, but all of said suits were consolidated, a supplemental and amended complaint was filed by Armijo and wife, setting out the above transactions and praying for the setting aside of the tax sale certificates hereinbefore set out, the deed from Armijo to Henry, and the trustee's sale by Henry as trustee, and for an accounting. The Henry's answered and filed a cross bill setting out the notes and deeds of trust above mentioned, the payment of taxes, insurance and repairs made by him, and praying

for an accounting and a decree foreclosing said trust deeds
in case the deed from the Armijo's was held to be void,
and for general relief; and upon the answer to said cross
bill, the application thus making up the issues, the case
was tried in the District Court of Bernalillo County,
Otero in the meantime having been made a party,
and from the decree of that court setting aside the
deed from Armijo and wife to J. A. Henry, setting aside
the sale made by the trustee, J. A. Henry, on June four-
teenth, 1899, holding the tax sales made to G. W.
Johnston and J. A. Henry to be void, and rendering a de-
cree for $6,466.27, the amount found due on accounting
by the court, together with attorney's fees for $646.62,
being ten per cent. of said amount, and for foreclosure of
the trust deeds on default of payment thereof, the appel-
lants appealed to this court.

The appellees also filed a cross appeal to that part of
the decree providing for attorney's fees, and from the al-
lowance of interest since the twenty-fifth day of May,
1904, at which time an alleged tender of the amount
claimed to be due by the Armijo's was made to said Henry.

### OPINION OF THE COURT.

MANN, J.—Counsel for appellant assigns numerous
errors as to the findings of fact made by the Trial Court
and its refusal to make certain findings asked by appellant.
A careful persual of the evidence, however, convinces us
that the findings made by the court were fully justified
by the evidence, and contain all the material facts necessary
to an adjudication of the matters in isssue. This court
has firmly established the rule that where the findings of
fact of the Trial Court are based upon substantial evidence
to sustain them, they will not be disturbed by this court.
The statement of facts above given is substantially as
found by the Trial Court, and there seems to be no dis-
pute as to the correctness of its conclusions of law as to
the invalidity of the tax sales of the property to Henry and
to his assignors, or as to the invalidity of the deed from the
Armijo's to Henry, which was placed in Moore's hands,
but never delivered to Henry with Armijo's consent. These

conclusions of the Trial Court and that part of the' decree setting them aside are not assigned as error and consequently will not be considered by this court. The only remaining questions are: 1st. Whether there was a failure, or partial failure of the consideration of the $2,029.60 note from Armijo and wife to Henry; and, 2nd. Whether the computation made by the court of the amount due Henry from the Armijos was correct.

1. The Trial Court in its decree as to the note for $2,029.60 says: (P. 248 Tr.) "Said note is valid and given upon a valuable consideration to the extent of $1,132.64, being the sum of $444.00 paid to said Johnston by said Henry on April 3rd, 1897, and $591.11, the amount paid by said Henry at said tax sale on July 6th, 1894, with interest thereon at 6 per cent per annum, to the date of said note, and is invalid and without consideration as to the remainder thereof," and this note is treated in the decree as though the principal sum at that date was for said amount of $1,132.64, instead of $2,029.60, as appears upon the face of the note. But was the remainder of the principal expressed invalid and without consideration? The evidence shows that at the time this note was given the two former notes were long past due and a suit to foreclose the first two deeds of trust was then pending in the District Court of Bernalillo County. True, these cases were subject to dismissal for failure to file copies of his notes and trust deeds, but the way for their foreclosure was still open and Henry had at least shown his intention to foreclose. The tax certificates which he held against these premises, with the three per cent. interest added in, both he and Armijo believed to be valid claims against the Armijos, and liens upon the property as well, as the certificate held by Johnston.

An attempt was made by these parties to adjust these tax sale claims. Armijo testified that "he wanted me to give a note for twelve per cent; it was too much to be paying three per cent a month and I signed it to stop three per cent a month." (P. 128 Tr.)

There is no question but a valid tax sale certificate at that time did draw three per cent. per month and there·

is no claim that Henry had any knowledge of the invalidity of the tax sale. The question of its validity was equally open to both parties and there is no claim of any fraud or misrepresentation on the part of Henry, or that there was an unfair advantage taken of Armijo.

Nor is it claimed that there was any mistake in the calculation of the amount agreed upon as due Henry. Had Armijo been able to have paid the money at that time he would have unquestionably paid the amount named in the note and taken up the certificates, which, according to Henry's undisputed testimony, was the original intention. It was a complete settlement of these tax sale certificates between the parties. According to Henry's testimony the certificates were turned over to Armijo's agent, and we think we are justified in so finding.

It is difficult to see then wherein there was a partial failure of consideration for this note. These certificates were outstanding against his property and had not been declared void by any court, nor could they have been without a suit in equity brought by him for that purpose. He obtained six months time in which to pay them off at a reduced rate of interest, as shown by the note itself, which extension of time was in itself a good consideration. 7 Cyc. 721, and cases cited.

Equity will not interfere and declare a failure of consideration in whole or in part except in cases where the money could have been recovered back if paid.

"It is settled in law, and the rule has been followed in equity, that money paid under a mistake of law with respect to the liability to make payment, but with full knowledge, or with means of obtaining knowledge of all the circumstances cannot be recovered back." 2 Pom. Eq. Jurisprudence (3rd Ed.) Sec. 851; Painter v. Park Co., 81 Ia. 242; Alton v. First Nat. Bank, 157 Mass. 341; Erkin v. Nicolin, 39 Minn. 461; Gillman v. Alford, 69 Tex. 267; Beard v. Beard, 25 W. Va. 456.

In Perkins v. Trinka, 30 Minn. 241, plaintiff held a tax deed upon lands occupied by defendants and which he claimed as owner, plaintiff compromised by giving a note secured by a mortgage on the land. The Supreme Court

of Minnesota afterwards declared tax deeds such as plaintiff held void and as vesting no title and this was set up as a defense to the note, but the Supreme Court says: "Neither is it any defense that it was afterwards judicially determined that tax deeds of this form are void. Where parties whose rights are questionable and doubtful, and who have equal means of ascertaining what their rights are, come together and settle these rights among themselves, a court must enforce the agreement to which they may fairly come at the time, although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them really had no rights at all, and so nothing to forego." True, the compromise or settlement in the above case was made after suit was brought for possession under the void tax deed, but I can see no difference in principle between it and the case at bar. In each case the parties attempted to and did settle their supposed rights between themselves, waiving any legal rights either party might have claimed, and it can make no difference what might have been established by a judicial determination of their claims.

The agreement between Henry and Armijo was in the nature of a compromise, which is defined as "an agreement between two or more persons, who to avoid a law suit, amicably settle their differences on such terms as they can agree upon." 6 Am. and Eng. Enc. of Law (2nd Ed.) 418.

Armijo testifies (P. 158 Tr.): "He said he was entitled by law to collect but was willing to take twelve per cent a year", and that for that reason he executed the note in question to stop the three per cent. per month, which both believed Henry entitled to, and from the above quoted language presumably to avoid litigation.

It is almost universally held that such a consideration is good, in the absence of fraud. Northern Liberty Market Co. v. Kelly, 113 U. S. 199; Booth v. Dexter Steam Fire Engine Co., 118 Ala. 369; Richardson v. Comstock, 21 Ark. 69; Rone v. Barnes, 101 Ia. 302; French v. French, 84 Ia. 655; Keyes v. Mann, 63 Ia. 560; Cobb v. Arnold, 8 Metc.

403; Pickel v. St. L. Chamber of Commerce, 80 Mo. 65; Housatonic Nat. Bk. v. Foster, 85 How. 376; White v. Hoyt, et. al., 73 N. Y. 505.

This case does not fall within the rule laid down in Briscoe v. Knealy, 8 Mo. App. 67, for in that case the portion of the note held to be void for failure of consideration was an amount added to the settlement and no part of the settlement itself, while in the case at bar the whole sum included in the note was included in the settlement and agreed to by the parties before the note was executed.

Neither is Doebler v. Waters, 30 Ga. 344, cited by appellee, in point, for in that case the contract declared to be void was separate and distinct from the main contract and based upon an entirely separate consideration.

In our judgment the whole sum is but one consideration, the amount agreed upon as owing from Armijo to Henry and the entire note must be taken together and stand or fall together as to failure of consideration.

It is contended that the three per cent. allowed in the settlement on the tax sale certificates is usury, and that the note is therefore tainted with usury, and void for that reason as to the amount of the three per cent. penalty.

But the agreement upon which this note is founded lacks the essential element of usury, that is, the intent to exact more than legal interest. 29 Am. and Eng. Enc. of Law (2nd. Ed.) 461; Bank v. Wagner, 9 Peters 378; Spain v. Hamilton, 1 Wall. 604; Call v. Palmer, 116 U. S. 98.

At the time the note was made both parties believed Henry was entitled to the three per cent. per month interest, or rather penalty on the same paid at the tax sale, and there was no intent on the part of either to take or pay any sum not allowed by law, and it is said that the question whether a contract is usurious is to be decided with reference to the time when it was entered into. 29 Am. and Eng. Enc. of Law, (2nd. Ed.) 460; Pollard v. Baylors, 6 Munf. (Va.) 433.

Appellee is inconsistent in the claim, for he concedes the justice of the claim for $444.00 (the amount paid for

the Johnston certificate), though that amount contains the three per cent. from the date of sale, and is to that extent usurious, if it be usury.

We conclude, therefore, that the note for $2,029.60 was a valid note for the consideration expressed on its face, and that Henry should have been decreed the entire sum with interest at twelve per cent. per annum, as provided by its terms.

2. The rule by which the court arrived at the amount due Henry is that known as the Massachusetts Rule, and is the correct one for computing the interest and applying the payments made by Armijo, as we understand the Trial Court's method. This court so held in the recent case of Jones, Downs & Co. v. Chandler, 85 Pac. 392, and we are content with the doctrine there laid down.

3. There is a cross appeal on the part of Armijo from the decree of the court allowing ten per cent. of the amount found due as attorney's fees, from the amount found due by the court upon its computation, and the allowance of interest after May 25th, 1904, the date of the alleged tender from Armijo to Henry.

The first contention on the part of cross-appellant is that attorney's fees should not have been allowed as a lien against the property, for the reason that the deeds of trust do not provide for attorney's fees, citing Cichel v. Carrillo, 42 Cal. 493, and Stover v. Joneycacke, 9 Kan. 367, as authority therefor. The former case does not discuss the proposition at all, although the syllabus does lay down the general rule that if there is no provision in the mortgage for counsel fees none can be allowed, but in that case the notes were given by one party, while the mortgage was given by another, and there is nothing to indicate that the notes provided for counsel fees, while in the Kansas case the language of the court is: "It is error for the court, in an action to foreclose a mortgage, to render a judgment against the mortgagors, for the attorney's fees of the mortgagee where there is no contract or stipulation in the mortgage, *or elsewhere,* requiring the payment of attorney's fees." We have no doubt of the soundness of this

doctrine, and that unless there is a contract for attorney's fees in the mortgage *or elsewhere*, none can be allowed.

But in this case each of the three notes expressly provided for attorney's fees in case of suit, or words of like purport, and in each deed of trust the note for which **4** it stood as security provided "that if the said parties of the first part shall well and truly pay off and discharge the debt and interest expressed in the said note, and every part thereof, according to the true tenor and effect of said note, etc.," or similar words of like purport.

This we think a sufficient reference to the notes to include in the deeds of trust, given as security therefor, all the conditions of the notes. In Clark v. Carlton, 4 Lea (Tenn.) 452, certain notes were given providing for a reasonable attorney's fee for a deed to lands which contained the reservation of a lien in the vendor as follows: "It is hereby expressly agreed and understood that a lien be and hereby is expressly reserved on said land for due payment of said notes." The court says: "The description of the notes in the deed does not include the stipulation for the payment of attorney's fees, but it identifies the notes and the defendant admits that these were the notes given for the lands. The lien reserved is for payment of the notes, and necessarily covers any legal stipulation therein contained." See also Tinsley v. Moors (Tex. Civ. App.) 25 S. W. Rep. 148.

"It is an elementary principle that where separate writings are executed between the same parties at the same time in the course and as part of the same transactions, and intended to accomplish the same general object, they are to be construed as one and the same instrument." 4 Am. and Eng. Ency. of Law, (2nd Ed.) 144; Bradley v. Marshall, 54 Ill. 183; Wood v. Ridgeville College, 114 Ind. 320.

And this rule is held to apply to notes and mortgages or trust deeds given as security therefor. Brooke v. Struthers (Mich.) 68 N. W. 272; Brownlee v. Arnold, 60 Mo. 79; Gregory v. Marks, 8 Bissell (U. S.) 44.

It is true that a different rule seems to apply in California, but such seems to be the prevailing doctrine, and we

think the weight of authority is against the rule. laid down by the California courts.

There is much confusion as to whether a stipulation for attorney's fees in a note can be enforced, but it has been settled in this territory in Bank of Dallas v. Tuttle, 5 N. M. 432, and we see no reason to depart from the doctrine there announced.

As to the question of interest after the alleged tender, we do not deem it necessary to discuss the questions raised, as we view it, the tender was not of sufficient amount to pay the three notes, with interest at twelve per cent. per annum, counting the third note at its expressed consideration of $2,029.60, and was therefore not a full tender of the amount due at the date of the offer.

The decree of the lower court will be reversed, and a decree rendered in this court in accordance with the views herein expressed, and the cross appeal will be dismissed.