42 P.(2d) 1115

## COLE v. CASABONNE et al.

### No. 4044.

Supreme Court of New Mexico.

March 26, 1935.

172

Hurd & Crile, of Roswell, for appellants.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellee.

WATSON, Justice.

Defendants (appellants) were cast in damages by verdict and judgment in a suit on contract. The contract is thus set forth in the complaint:

"That in the late fall of 1930 he entered into an oral agreement with Jack Casabonne, acting for and on behalf of Jack Casabonne and Pete Casabonne, doing business as co-partners under the firm name of Casabonne Brothers, whereby it was mutually understood and agreed between Plaintiff and Defendants that Plaintiff should set up his well rig over the well belonging to the Defendants and remove approximately four hundred (400) feet of piping which had broken off and was in the bottom of said well, and after removing said pipe would slush out said well, in consideration whereof the Defendants promised to pay Plaintiff the sum of Fourteen Hundred and No/100 ($1,400.00) Dollars, *or in event said piping could not be removed plaintiff would slide his rig to one side and drill another well at $3.25 per foot. That after the work had been begun and plaintiff had cleaned said well of the piping to a depth of one thousand feet said contract, by mutual agreement between the parties was then and there modified in this particular, to-wit: That* plaintiff should drill around about twenty feet of pipe and liner, then in the well, so that the pump-pipe could be set at a depth ranging from about 1028 feet to 1035 feet."

The italicized portion was added by amendment over the objection of appellant that it substantially changed the cause of action. Appellants allowed their answer's denial to stand as to the amended complaint, and proceeded with the trial. The allowance of the amendment is the first matter here urged as error.

The exact stage at which the amendment occurred is left in doubt. According to the record proper, it was before the selection of the jury and before the parties announced themselves ready for trial. According to the bill of exceptions, it was immediately after the selection of the jury. The view we take renders this difference immaterial.

The important fact is that this was not an amendment to conform the pleading to the facts proved. It follows that the objection made below and here urged, that it substantially changed the cause of action, is by no means conclusive against it. The objection indicated in such a case is that the amendment is not in furtherance of justice, or that the terms imposed by the court are not proper. Cf. Alarid v. Gordon, 35 N. M. 502, 2 P.(2d) 117.

Moreover, if proper objection had been made, the failure to stand upon it would have been fatal to the claim of error. Security Trust & Savings Bank v. Ravel, 24 N. M. 221, 173 P. 545; Silcox v. McLean, 36 N. M. 196, 11 P.(2d) 540.

■ At the close of the case appellants moved for an instructed verdict upon the ground that there was no evidence of performance of the contract as originally made and no substantial evidence of any modification of it. The court overruled the motion and submitted to the jury whether "after the work had been begun and plaintiff had cleaned said well and the piping to a depth of 1,000 feet, said contract, by mutual agreement between the parties, was then and there modified in this particular: That plaintiff should drill around about 25 feet of pipe and liner within said well so the pump pipe could be set at a depth ranging from about 1028 to 1035 feet."

Claiming error in the overruling of their motion for a directed verdict, appellants seem to rely entirely upon certain answers obtained from appellee on cross-examination, which, standing alone, might be taken as admissions that there was no mutual agreement in modification of the contract. These answers we do not deem conclusive of the matter.

From the whole evidence we think the question was one for the jury. There is substantial support for the theory that at a depth of 1,000 feet appellee confessed his inability to perform according to the first alternative, and offered to perform according to the second, thus surrendering his claim for the $1,-400, or for any compensation for what he had done thus far, that appellants then proposed the modification of the first alternative, in preference to the large expenditure involved in the second alternative, and that appellee accepted the proposed modification and performed the contract accordingly.

We conclude that the judgment should be affirmed and the cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.