**BICKNELL et al. v. LLOYD–SMITH.**
**No. 7688.**

District Court, E. D. New York.
Dec. 20, 1938.

Cuthell, Appleby, Osterhout & Mills, of New York City (Howard Osterhout and John B. Coman, both of New York City, of counsel), for plaintiffs.

Wright, Gordon, Zachry & Parlin, of New York City (Paul W. Williams, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is an action in which the plaintiffs seek judgment for a sum of money against the defendant under her written guarantee of the payment of corporate bonds issued by the Sugar Pine Lumber Company.

The complaint was verified and presumably filed on the 8th day of August, 1938, prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On November 28, 1938, a notice of motion was filed the hearing of which was adjourned to December 14th, in which the defendant sought:

I. An order requiring the plaintiffs to furnish a more definite statement of their complaint or a bill of particulars, and

II. An order requiring the plaintiffs to state in separate counts the alleged causes of action set forth in the complaint.

The plaintiffs are respectively the receiver of the Bank of Saginaw, Saginaw, Michigan, and an individual seemingly unrelated to the former, and both assert that they are the holders of corporate bonds issued by the Lumber Company, the payment of which as to principal and interest was guaranteed by three individuals of whom the defendant is one. What purports to be a copy of the guarantee, dated March 1, 1927, is annexed to the complaint.

Acquisition of thirty-six of such bonds in the denomination of $1,000 on the part of the bank is alleged as of April 12, 1927; and of five on the part of the individual plaintiff on April 29, 1929.

Whether the plaintiffs' right to relief is one "arising out of the same transaction, occurrence, or series of transactions or occurrences" within Rule 20(a), 28 U.S.C.A. following section 723c, does not appear from the complaint, nor is it now presented.

The first branch of the notice lists the following items:

(1) Whether the bank has been dissolved.

(2) To whom the Lumber Company sold and delivered its bonds and the consideration received by it.

(3) The seller of the bonds to the bank, the date of the purchase, and the consideration paid.

(4) The same as to the individual plaintiff.

(5) Whether the bank knew of the guarantee at the time of its purchase of the bonds.

(6) The same as to the individual plaintiff.

(7) Details respecting the demands (written or oral) upon the defendant for payment, as stated in the complaint.

■ At argument, numbers (1) and (7) were granted, and the motion was denied as to the other items.

■ The information sought in items (2) to (6), inclusive, is really in the nature of discovery, to obtain which the Rules contain appropriate provision and, while it is doubtless more convenient for counsel to seek the information in such a motion as this, it is not thought that Rule 12(e), 28 U.S.C.A. following section 723c, was framed as an alternative to, or supplement of, the provisions touching discovery.

Reference is made to former Equity Rule 20, 28 U.S.C.A. following section 723, in this connection. Naturally the decisions construing that Rule had to do with purely equitable causes. It was said in Gimbel Bros., Inc., v. Adams Express Company, D.C., 217 F. 318, that such a motion constitutes an appeal to the discretion of the court and, if that comment applies equally to the new Rules, it is presently thought that the discretion should not be exercised so as to relieve a party from taking the trouble to seek the evidence which he desires under the discovery provisions of the Rules.

Bulletin No. 8, issued by the Department of Justice under date of December 12, 1938, contains a report of Judge Nields' decision in the case of the Jessup & Moore Paper Company v. West Virginia Pulp & Paper Company et al., 25 F.Supp. 598, in which this subject is discussed, as I believe, adequately; what is there said accords with the disposition made of these items when this motion was heard.

■ So far as the second branch of the motion is concerned, a mere inspection of the complaint indicates that the relief sought, to the extent of requiring a separate statement of the causes alleged, should be granted, i. e., "a more definite statement" thereof is required since it is entirely possible that one or more of the affirmative defenses prescribed in Rule 8 (c), 28 U.S.C.A. following section 723c, may appear to be appropriate in the answer as to one plaintiff but perhaps not the other.

For present purposes, it will be deemed that the receiver asserts one cause of action based upon the thirty-six bonds acquired by the bank, and the individual Schust asserts a separate cause, based upon five bonds.

In the absence of an affidavit in support of the motion, the court is left somewhat to speculate upon these matters, and it would seem that good practice would be promoted if any party seeking relief under this Rule should present his reasons in verified form, relating them to the real or fancied obscurity in the pleading to which the motion is addressed.

Motion granted as indicated.

Settle order.